ELLIS *v.* GEORGIA MARBLE Co. *et al.*

(*Nashville*, December Term, 1949.)

Opinion filed July 15, 1950.

230

WINCHESTER & BEARMAN, and R. LEE WINCHESTER, JR., all of Memphis, for plaintiff in error.

WARING, WALKER, COX & LEWIS, ALLEN COX, JR., and W. V. SANFORD, JR., all of Memphis, for Georgia Marble Co.

KING, EWING & LAUGHLIN, and CARUTHERS EWING, all of Memphis, for C. Ingram.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The question presented by this appeal is whether or not nonresident defendants may be properly brought into the jurisdiction of this State under our substituted

service statute, Code Section 8671, by service on the Secretary of State for an accident which happened to the plaintiff after the nonresident vehicle had arrived at its designation in this State and was being unloaded by the plaintiff, a servant of the consignee of the goods to be unloaded, and an employee of the nonresident who transported the goods here.

To the declaration filed in this cause the respective defendants, defendants in error, filed pleas in abatement which pleas were demurred to. The trial judge overruled the demurrers and sustained the pleas in abatement and dismissed the suit. In due season the plaintiff below, plaintiff in error here, perfected his appeal to this Court and the matter has been ably briefed and argued before us.

The declaration in substance avers that the plaintiff was in the employment of the consignee of marble which was shipped to the consignee by the defendant Georgia Marble Company by way of a truck on which the marble was loaded in Georgia and transported to the consignee in Memphis, Tennessee. It is averred that the Georgia Marble Company employed its co-defendant C. Ingram to transport "the aforesaid marble from the premises of the Georgia Marble Company in the State of Georgia and deliver the same to the premises of the plaintiff's employer on Madison Avenue in Memphis, Tennessee."

It is further averred that the defendants only sent one employee with the load of marble and that therefore it was necessary for the consignee to furnish other help to assist in unloading the marble; that under such conditions the plaintiff was assisting to unload this marble, acting upon the assumption that the marble had been properly crated and stacked on the truck by the defend-

ants as was their duty prior to its leaving the place of business of the defendants; that as a result of the negligence of the defendant the marble was not properly placed or stacked and secured to said truck and when the plaintiff and the employee of the defendants and others were in the act of unloading the marble a slab of this marble slipped off and seriously injured the plaintiff for which this suit is brought; that either as a result of the marble being negligently and improperly stacked on the truck or "had been jolted out of place by the vibration of the truck and its travels over the highways between the town of Tate, Georgia and Memphis, Tennessee." It also averred that the marble was stacked in such an unsafe position and way, and was not properly supported and by reason of this fact it was caused to fall or topple from the racks or horses; that the racks or horses which supported the marble in transit were so constructed that they were far too light and fragile for the purpose of supporting the heavy goods and that the defendants knew or in the exercise of reasonable care knew that these racks or horses were not constructed in a proper manner or out of proper material; that this was not known to the plaintiff and due to the negligence in thus packing and constructing this delivery of marble the injuries to the plaintiff were brought about.

It is therefore averred that the defendants were making use of the highways of this State to deliver this marble and that by reason of this act they subject themselves to our substituted process statute, Code 8671. The plaintiff therefore asks that process be served under this statute, Code 8671, on the Secretary of State and the defendants brought into the jurisdiction of this Court.

The pleas in abatement of the defendants (separately filed) among other things aver that the declaration shows that the defendants are nonresidents of the State of Tennessee, "and hence, not subject to the jurisdiction of this Court unless the nature and extent of its operations has brought it within the purview of those statutes setting up procedures for serving non-residents in certain particular situations."

"That the alleged accident did not happen while this truck was being operated on the highways of Tennessee, but happened when the truck was stopped and being unloaded; and hence Section 8671 is not applicable."

"The above quoted Act applies only to actions arising out of accidents 'in which such vehicle is involved'. This truck was not involved in this accident within the meaning of this Act; and hence this statute is not applicable." The above quotation is from the plea in abatement of Georgia Marble Company but the substance of this plea is the same as was filed by the defendant C. Ingram.

The declaration nowhere avers just where the marble was being unloaded when the injuries were received by the plaintiff. The declaration does aver that the marble was to be shipped from the "premises of the Georgia Marble Company in the State of Georgia and deliver the same to the premises of the plaintiff's employer on Madison Avenue in Memphis, Tennessee." Therefore it is perfectly obvious, and the only possible inference to be drawn, is that the marble had arrived at its designation in Tennessee, and was on the premises of the consignee of the marble where it was being unloaded. The inference of course being that the truck and the marble were off of the highways of the State.

Be this as it may, we are not pitching this opinion on the question of whether or not the alleged accident happened on or off of the highways of the State but are basing it on other matters hereinafter discussed. Subsequent to argument here we have been furnished the original of an order by the lower court allowing an amendment to the declaration showing that it was admitted below that the unloading took place ''in a public alley-way at the rear entrance of the place of business of consignee.''

The sole question is whether or not service of process by this substituted service under provisions of Code Section 8671, in view of the facts as alleged in this declaration, are sufficient to bring the cause within the provisions of that statute. The statute in effect provides that any owner, etc., of a vehicle which is not licensed under the laws of this State but who is using the roads of this State for the purpose of travel or transportation of goods over it that then the nonresident person who uses our roads for the purpose of travel from one part of the State to another agrees that if an accident results while using our roads that the Secretary of State is the constituted ''agent for acceptance of service of process in any civil action brought by a resident of this state against him, *arising out of any accident or injury occurring in this state in which such vehicle is involved.*'' Subsequent sections of the Code provide for a confirmation of the service by actual notice to the nonresident defendant. These sections of course are not involved herein. We have italicized the part of the Code Section 8671, quoted which we think is the key to the question presented by this case. We might ask the question in another way, that is, did the accident out of which this

suit arose grow out of an injury occurring in this State ''in which such vehicle is involved''? Of course there was an accident or an injury which occurred in this State but the question is, was the nonresident truck involved in this accident? It is very forcefully argued that this truck and the use of the highway by the truck were involved in the accident. It is said and averred in the declaration that the jolting of the marble on the truck as it passed over our highways caused it to become loose or dislocated from its fastenings on the truck to such an extent that when it was attempted to be unloaded that it fell and caused the injuries here complained of and for this reason it is said that the use of the highways was one of the procuring causes of the injury. It might just as plausibly be argued that these things took place as the truck proceeded over the road in Georgia before it arrived in Tennessee. Who is capable of saying or testifying to any degree that the travel of the truck over the roads of Tennessee was in any way the procuring cause of the accident and injury. The gravamen of course of the declaration is that these negligent acts complained of were primarily committed in Georgia in the loading and stacking of the marble on this truck and the use of inferior material or lumber not strong enough to hold these heavy slabs of marble. The negligent acts complained of in the declaration should be attributed to the loading and the way it was loaded and not to any negligent act averred by reason of the use of the highways. Certainly the vehicle is not ''involved'' in an accident or injury from the negligent packing of the marble in Georgia. Its unloading in Tennessee may be part of the contract between the consignor and the consignee but it is certainly no accident or injury wherein

the truck (vehicle) is involved when one is injured in this unloading operation. No averment is made that this accident was due to the movement of the vehicle transporting the marble. The shifting or movement of the marble in transit would be a necessary incident to travel and not to an alleged negligent operation of the vehicle. Any alleged negligence by reason of the travel on Tennessee highways is too remote and speculative to be of probative value. A necessary averment for service under this statute, Code 8671, is some negligent act on the part of the operator of the vehicle while in or on our highways. Without such an averment our substitute of process service statute, Code 8671, does not lay a predicate for service on the Secretary of State.

Does the use of the highways in any way involve the accident or injury occurring in this case?

■■■ The purpose of statutes of the kind here involved is very clearly set forth in *Pawloski* v. *Hess*, Supreme Judicial Court of Mass., 250 Mass. 22, 144 N. E. 760, 761, 35 A. L. R. 945, as follows: "This statute is plainly enacted in the exercise of the police power. It is designed to afford protection to the personal safety of travelers on the highways of our commonwealth. Its purpose is to promote the public safety and conserve the public health. These ends are universally recognized as appropriate objects for the exercise of the police power. Specifically, the aim of the statute is to facilitate the enforcement of civil remedies by those injured in their person or property by the negligent or wanton operation of motor vehicles upon the highways of this commonwealth."

Under a very similar state of facts as alleged in the declaration herein the Supreme Court of Illinois held that service could not be secured as to nonresident de-

fendants under the substituted process statute of that State. *Brauer Machine & Supply Company* v. *Parkhill Truck Co.*, 383 Ill. 569, 50 N. E. 2d 836, 842, 148 A. L. R. 1208. The Illinois statute provided among other things that the Secretary of that State was appointed as attorney to accept service for accidents "growing out of such use or resulting in damage or loss to person or property" and "said use or operation shall be a signification of his agreement that any such process against him which is so served, shall be of the same legal force and validity as though served upon him personally." That court made the following very significant statement which seems to us applicable here:

"It is the contention of appellant that the unloading of the truck was an essential part of the project of appellee, and was, in itself, the reason for the use of the highways of this State; that the unloading of the truck at its place of destination was the object of its operation upon the highway, and was an integral part of the objective of appellee in such use; that the unloading was a part of appellee's contractual obligation, and such obligation could not be completed until the truck was unloaded; that the unloading was an incident of the transportation and constituted a part thereof as much as the actual movement of the truck over the highway; that during the process of the unloading the truck was still being used in carrying out the purpose of appellee's project and was then actually being used in the consummation of the use of the truck upon the highway.

"The difficulty with appellant's position is that it is based on the proposition that the unloading was an incident of the contract of carriage. As between the shipper and the carrier, this is no doubt, true. It does not neces-

sarily follow, however, that such unloading was incident to the use of the highway. We are not here concerned with the relations or with any contract existing between the shipper and the carrier. The sole question here is whether the injury sustained by Lindstrom was one growing out of the use of the highway."

■■ That Court said that the language, above quoted from the statute, applied only to damages or loss growing out of the use of the highway. Our statute is entitled to the same construction. This statute must be given a strict construction. *Producers & Refiners Corp.* v. *Illinois Cent. R. Co.*, 168 Tenn. 1, 73 S. W. (2d) 174. The statute, Code 8671, contains the following very pertinent language: "in which such vehicle is involved." It seems to us that the word "involved" is the key here. To us "involved" as here used means something connected with the accident as a natural or logical effect of the accident. If a nonresident has an accident as a result of using our highways then these nonresidents consent that the Secretary of this State is their agent to accept service of process for them for accidents or injuries growing out of using the highways. There is certainly no indication by the statute that they consent to substituted service for anything that might have happened in another State terminated after they had reached their destination in Tennessee. We are frankly unable to see how there could be any possible connection in the unloading of this marble in Memphis with the use of the highway. It is true that the defendants did travel over our highways in reaching their designation but the cause of the injuries received by the plaintiff was not caused by reason of the use of the highways but was by reason of the negligent and unskillful manner in which the

marble was packed in Georgia. In the instant case the only possible allegation that travel on the highways in this State had anything to do with this injury was that the marble might have shaken loose in traveling over the highway. We have answered this proposition heretofore, at least to our own satisfaction.

It results that the judgment of the trial court dismissing the suit must be affirmed and the costs taxed to the plaintiff in error.

All concur.