HENRY C. FEINBERG, Plaintiff, *v.* JOSEPH APONE, Defendant.

Supreme Court, Special Term, Albany County, April 3, 1952.

*David Tepp* for defendant appearing specially.

*Philip Korn* for plaintiff.

TAYLOR, J. The defendant, a nonresident of this State, who is alleged to have been involved in an accident or collision while operating a motor vehicle on a public highway thereof appears specially and seeks to vacate and set aside the service of the summons and complaint which was made on the Secretary of State of the State of New York allegedly pursuant to section 52 of the Vehicle and Traffic Law. The complaint contains three causes of action, the first and third of which sound in negligence arising from the accident described therein. The second cause of action has for its gravamen an assault and battery allegedly committed by the defendant on the person of the plaintiff immediately thereafter.

The question posed by the motion is whether the second cause of action may be said to have grown out of the accident or collision alleged in the complaint within the contemplation of the statute. The other causes of action are obviously within its purview. The pertinent provisions of section 52 (*supra*) are cast as follows: " The operation by a nonresident of a motor vehicle * * * in this state * * * shall be deemed equivalent to an appointment by such nonresident of the secretary of state to be his true and lawful attorney upon whom may be served the summons in any action against him, growing out of any accident or collision in which such nonresident may be involved while operating a motor vehicle in this state * * * and such operation shall be deemed a signification of his agreement that any such summons against him which is so served shall be of the same legal force and validity as if served on him personally within the state and within the territorial jurisdiction of the court from which the summons issues."

To justify the use of the prescribed substituted service of process on a nonresident to bring him within the jurisdiction of a court of this State that enactment requires that the cause of action against him grow out of a collision or accident in which he was involved while operating a motor vehicle in the State. The requirement of jurisdiction of a nonresident in an action against him for an assault and battery allegedly committed as an aftermath of a motor vehicle accident and in no way connected with the operation of a motor vehicle was not contemplated by the Legislature when it enacted the statute. It would be just as reasonable to say that actions for slander, false arrest and malicious prosecution which are provoked by an automobile collision but which are wholly unrelated to it from a vehicular standpoint are within its provisions. It is clear, I think, that the Legislature had no such intent.

Jurisdiction was not acquired of the second cause of action pursuant to section 52 of the Vehicle and Traffic Law and the motion to vacate the service of the process as to it is granted, without costs.

Submit order.