Louis L. Friedman, J.
The defendant moves to vacate the service of a summons and complaint made under section 52 of the Vehicle and Traffic Law. The action is for a declaratory judgment in which plaintiff seeks a determination of the rights of the parties arising out of an automobile liability policy issued by the plaintiff to the defendant in the State of Michigan.
The complaint alleges that after the issuance of the policy of insurance, an action against the defendant herein was brought in this court for personal injuries arising out of an automobile accident in the State of New York; that the plaintiff disclaims liability under the policy on the ground that the defendant misrepresented in the declaration of the policy the place at which the automobile was principally garaged; that the plaintiff will be subjected to a great hazard and peril if the question as to its right to disclaim is not now resolved.
Defendant claims that this action is not one in which service may be made under section 52. Plaintiff, on the other hand, contends that, since the action would never have arisen were it not for the automobile accident in question, the case is one in which service may properly be made under the provisions of that section.
Section 52 of the Vehicle and Traffic Law, as far as here material, provides: “ The operation by a nonresident of a motor vehicle or motor cycle in this state * * * shall be deemed equivalent to an appointment by such nonresident of the secretary of state to be his true and lawful attorney upon whom may be served the summons in any action against him, growing out of any accident or collision in which such nonresident may be involved while operating a motor vehicle in this state ’’.
This section is applicable ‘‘ only in an action growing out of any accident or collision while operating a motor vehicle ’’ (Ask Mr. Foster Travel Service v. Tauck Tours, 43 N. Y. S. 2d 524, 526). The action herein involves the contractual obligations of the parties arising out of the policy of insurance. It does not arise out of the accident, but arises solely out of the existence of a contract made between the parties. The fact that a request for determination of liability under this contract comes as an aftermath of the accident, does not connect the action with the operation of the automobile. Such action was not contemplated by the Legislature when it enacted the statute. (See Feinberg v. Apone, 201 Misc. 437.)
Accordingly, the motion is granted. Settle order on notice.