John B. ACUFF

v.

SERVICE WELDING & MACHINE COMPANY.

Civ. A. No. 2909.

United States District Court
E. D. Tennessee, N. D.

April 13, 1956.

Richard Stair, Frank L. Flynn, Knoxville, Tenn., for plaintiff.

Foster D. Arnett, Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

Defendant has moved to abate and dismiss the action, first, because another suit is pending between the same parties on the same cause of action in the District Court for the Western District of Kentucky at Louisville; second, because the service of process under the nonresident motorist statute of Tennessee was not authorized by that statute.

It is alleged in the complaint that defendant is doing business in Tennessee as a corporation. Service of process was directed to the secretary of state both with reference to statutes which provide for service of nonresident corporations and with reference to the nonresident motorist statute. No specific allegation is made as to business carried on in the state of Tennessee by the defendant other than the sending of its motor vehicle from Louisville, Kentucky, to Knoxville, Tennessee, loaded with petroleum tanks consigned to Gulf Refining Company. Briefs for and against the motion allude to no other business activity of defendant within the state, and the inference drawn by the Court is that there was none. Shipment of goods on order by a foreign corporation to a consignee within the state is not such business activity as authorizes substituted service. Williams' Tennessee Code, sec. 4129.1, carried forward as sec. 48–918, Official Code of 1956.

This presents the controlling question, namely, whether under the facts necessary to a decision the case is one for substituted service under the nonresident motorist statute, sec. 8671 of the 1932 Code, carried now as sec. 20–224. The motor vehicle of defendant was a flat-topped trailer pulled by a tractor, the two comprising a tractor-trailer unit.

This unit had arrived at the unloading yard of Gulf Refining Company and was there at rest for unloading of cargo. Plaintiff, engaged in unloading, was on the flat-top when unexpected movement of a tank endangered him, in fact, rolled over his body and injured him. Allegedly one of his feet got caught in a depression or hole where the floor of the flat-top had rotted, defendant allegedly having been negligent in sending the trailer onto the highways of Tennessee in a defective condition when it was foreseeable that the defect would cause injury to unloaders, including plaintiff.

Sec. 20–224, Code 1932, sec. 8671, provides in relevant part as follows:

"Any owner, chauffeur, or operator of any motor vehicle that is not licensed under the laws of this state, or any nonresident of the state of Tennessee who shall hire or procure the use of a motor vehicle licensed under the laws of this state, for temporary use herein, and who shall make use of the prvilege, hereby extended to nonresidents of the state, to operate such vehicle on highway or highways within the state, shall be deemed thereby to constitute the secretary of state of this state his agent for acceptance of service of process in any civil action brought by any person against him, arising out of any accident or injury occurring in this state in which such vehicle is involved. Such use of a highway shall be treated as an agreement on the part of said person that such service of process shall have the force and validity of personal service on him within the jurisdiction of this state and the county of action."

Certain provisions in the foregoing stand out as giving the keys to an answer. First, in return for the privilege of operating a motor vehicle upon the highways of the state, the nonresident motorist agrees to be amenable to substituted service. Second, as a condition of this agreement, the accident or injury which occurred must have been one in which the motor vehicle so operated was involved.

Here the implication is that the nonresident and the vehicle must have united in some transgression, theoretically speaking. The nature of the transgression is not expressed in the statute. However, as it has been construed, the statute implies that the injury sustained or the accident which occurred must have had some causal relation to traffic upon a highway or upon premises accessible to users of the highway. Ellis v. Georgia Marble Co., 191 Tenn. 229, 232 S.W.2d 45; Bertrand v. Wilds, Tenn. 1955, 281 S.W.2d 390.

Among the many definitions of traffic, that which is included in use of the highways is "the flow of pedestrians and vehicles along a street or highway." Webster's New Collegiate Dictionary. This definition suggests that when a vehicle is involved in an accident, it is either an active agency or is acted upon by another agency; that if it is the transgressor it is such because it acted negligently or was negligent in being so situated as to be acted upon by another agency, in each situation the action being in the nature of traffic.

That Tennessee case most closely analogous to this is Ellis v. Georgia Marble Co., 191 Tenn. 229, 232 S.W.2d 45, 49. There an employee of the consignee was injured while unloading marble from the truck of a nonresident hauler for a nonresident consignor. In holding that the nonresidents could not be brought under the jurisdiction of the Tennessee court under the nonresident motorist statute, the court said: "We are frankly unable to see how there could be any possible connection in the unloading of this marble in Memphis with the use of the highway. It is true that the defendants did travel over our highways in reaching their designation but the cause of the injuries received by the plaintiff was not caused by reason of the use of the highways but was by reason of the negligent and unskilled manner in which the marble was packed in Georgia."

There, also, the court observed as a fact that the marble was negligently packed. It, of course, was sent upon the highways of Tennessee in that negligent condition. In the case here, it is alleged that the flat-top was sent upon the highways of Tennessee in a defective condition. In neither case could it be said that the negligent condition which resulted in injury was created from use of the highways. Whether development of a defective condition from use of the highways would have changed the result was not reached by the court in the Ellis case. Nor is it reached here, the pre-existing negligent condition being analogous in the two cases.

Under the decisions of the Tennessee Supreme Court, as here construed, defendant's motion to quash the service of process must be sustained. It is not necessary to pass upon the effect of pendency of another suit in another district.

Let the necessary order be prepared.