**Lyens Braxton DAVIS, Plaintiff,**

v.

**John N. PARROTT, Defendant.**

**Civ. A. No. 1558.**

United States District Court
E. D. Tennessee,
Northeastern Division.

Jan. 17, 1962.

J. H. Doughty, Hodges, Doughty & Carson, Knoxville, Tenn., Fred L. Myers, Newport, Tenn., for plaintiff.

S. J. Milligan, Milligan, Silvers & Coleman, Greeneville, Tenn., for defendant.

NEESE, District Judge.

The defendant has filed a motion to dismiss this action or to quash the summons for lack of jurisdiction of the person of the defendant. It is contended by the defendant that the service of process under the Tennessee non-resident motorist's statute, T.C.A. § 20–224, on this defendant was unauthorized and that the accident alleged in the complaint occurred on private property and not on a highway within the State of Tennessee, it being alleged that there was no causal relation between the accident and the use of the highway within this state.

The Court has carefully considered this motion and the able briefs of counsel. It is alleged in the complaint that the defendant is a citizen and resident of the Commonwealth of Kentucky. Service of process was directed to the Tennessee secretary of state in keeping

with the provisions of the non-resident motorist's statute. The plaintiff was allegedly injured while the tractor-trailer being driven by the defendant was being moved in reverse gear along a street preparatory to the start of the unloading of the defendant's trailer. According to the complaint, the defendant was undertaking to push a spotted railroad freight car out of his way " * * * by backing his tractor-trailer rig against a timber placed at * * * " the respective ends of the trailer and the freight car when in the process the plaintiff was injured.

T.C.A. § 20–224 provides in pertinent part as follows:

"20–224. *Use of highways as appointment of agent for process.*— Any owner, chauffeur or operator of any motor vehicle that is not licensed under the laws of this state, or any nonresident of the state of Tennessee who shall hire or procure the use of a motor vehicle licensed under the laws of this state, for temporary use herein, and who shall make use of the privilege, hereby extended to nonresidents of the state, to operate such vehicle on highway or highways within the state, shall be deemed thereby to constitute the secretary of state of this state his agent for acceptance of service of process of any civil action brought by any person against him, arising out of any accident or injury occurring in this state in which such vehicle is involved. Such use of a highway shall be treated as an agreement on the part of said person that such service of process shall have the force and validity of personal service on him within the jurisdiction of this state and the county of action. * * * "

As this Court had occasion to observe in the earlier case of Acuff v. Service Welding & Machine Company, D.C., Tenn., 1956, 141 F.Supp. 294:

"Certain provisions in the foregoing stand out as giving the keys to an answer. First, in return for the privilege of operating a motor vehicle upon the highways of the state, the nonresident motorist agrees to be amenable to substituted service. Second, as a condition to this agreement, the accident or injury which occurred must have been one in which the motor vehicle so operated was involved.

"Here the implication is that the nonresident and the vehicle must have united in some transgression, theoretically speaking. The nature of the transgression is not expressed in the statute. However, as it has been construed, the statute implies that the injury sustained or the accident which occurred must have some causal relation to traffic upon a highway or upon premises accessible to users of the highway. Ellis v. Georgia Marble Company, 191 Tenn. 229, 232 S.W.2d 45; Bertrand v. Wilds, 198 Tenn. 543, 281 S.W.2d 390.

"Among the many definitions of traffic, that which is included in use of the highways is 'the flow of pedestrians and vehicles along a street or highway'. Webster's New Collegiate Dictionary. This definition suggests that when a vehicle is involved in an accident, it is either an active agency or is acted upon by another agency; that if it is the transgressor it is such because it acted negligently or was negligent in being so situated as to be acted upon by another agency, in each situation the action being in the nature of traffic." Acuff v. Service Welding Machine Company, supra, p. 295, 141 F.Supp.

In the case cited, supra, the Court found that the pre-existing condition of a rotten floor of a trailer in which one of Acuff's feet was caught, and not the involvement of the tractor-trailer in an accident on the highways of Tennessee, was there the cause of the plaintiff's injury. Finding that the defendant was allegedly negligent in sending the trailer onto the highways of Tennessee in a defective condition when it was

foreseeable that the defect might cause injury to unloaders, including the plaintiff, this Court properly quashed the substituted service of process. The controlling facet there was that the negligent condition which resulted in injury was not created from the use of the highways of this state. Acuff v. Service Welding & Machine Company, supra, p. 296, 141 F.Supp.

This was also the controlling factor in Ellis v. Georgia Marble Company, 191 Tenn. 229, 232 S.W.2d 45. The declaration in that case averred that the defendant was negligent in loading the cargo of marble on its truck in Georgia and that the plaintiff sustained his injuries as a result of such pre-existing negligence, while such cargo was being unloaded in Memphis. The Tennessee Supreme Court rejected the further theory in the plaintiff's declaration to the effect that the marble cargo " * * * had been jolted out of place by the vibration of the truck in its travels over the highways between the town of Tate, Georgia and Memphis, Tennessee * * * " as being too remote and speculative to be of probative value. The Court concluded that the cause of the plaintiff's injuries was, not the use of the Tennessee highways, but the negligent manner in which the cargo was loaded in Georgia. Thus, the import of the Ellis case, supra, is likewise a denial of the right of substituted process because of the allegation of a pre-existing negligent condition in which the truck was sent onto the highways of Tennessee from which injury resulted. Ellis v. Georgia Marble Company, supra 191 Tenn. pp. 238, 239.

The situation is not as clear in Bertrand v. Wilds (1955), supra. There the injury to the plaintiff was sustained while he was a pedestrian and when he was struck by the defendant's automobile in a driveway located on Government property at the Veterans Hospital in Memphis. The trial judge sustained the defendant's plea in abatement to the process issued by way of substituted service. The Tennessee Supreme Court in a 3–2 split decision reversed the lower court, the majority concluding that the driveway or road on which the accident occurred was in fact a highway, street, avenue, driveway, parkway, etc., opened to the public travel or other use. However, the minority opinion was expressed that the substituted service of process was invalid because the accident occurred on a road over which the State of Tennessee had no jurisdiction, and that Tennessee has no authority to regulate the driving of motor vehicles on roads over which it has no jurisdiction. On petition to rehear the Court clearly and pointedly reached the heart of the question in the case at bar. The Court said:

"It is our well-considered opinion that the statute" T.C.A. § 20–224 "applies to the operation of motor vehicles upon public highways by nonresidents and also to the operation of such vehicles on private property, as a necessary incident to public travel upon the streets and highways of this State. Paduchik v. Mikoff, 158 Ohio St. 533, 110 N.E. 2d 562, construing the statute of Ohio, which is similar to ours, and Sipe v. Moyers, 353 Pa. 75, 44 A.2d 263, construing the Pennsylvania statute, which is also similar in all respects to our own statute." Bertrand v. Wilds, supra, 198 Tenn. p. 555, 281 S.W.2d p. 396.

The case at bar is controlled by the law of Tennessee. Erie R. Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. This Court must accept Bertrand v. Wilds, supra, as the latest applicable and controlling statement in Tennessee on the subject. This decision is specifically to the effect that it makes no difference in the service of process by substitution under T.C.A. § 20–224 whether the vehicle causing an injury was on a public or private way within the boundaries of Tennessee when involved in an accident.

The Court finds from the pleadings that the defendant's vehicle was involved in an accident on a way open to public

travel or use within the State of Tennessee and that the injury allegedly sustained had a causal connection to traffic upon premises accessible to users of Tennessee highways. Acuff v. Service Welding & Machine Company, supra, 141 F. Supp., p. 295. Therefore the motion of defendant to dismiss the complaint will be overruled. Counsel for the plaintiff will submit an appropriate order.