## Driscoll v. Keller

*Mitchell Jenkins* and *Daniel G. Flannery,* for plaintiff.

*Charles L. Casper,* for defendant.

SCHIFFMAN, J., August 22, 1969.—Before the court are defendant's preliminary objections to plaintiff's complaint in trespass. The complaint alleges that on September 19, 1964, defendant was the owner and operator of a Ford sedan; that he was a resident of the State of New Jersey; and that the said vehicle bore a registration tag of that State.

The complaint further alleges that while driving his vehicle in Luzerne County, Pa., on the aforementioned date, defendant engaged in a course of conduct which embraced blowing his horn, making rude, vulgar and obscene signs and remarks and tailgating, all of which were directed to the occupants of a Buick automobile which included a man named Cohen and others.

The complaint also avers that finally the motor vehicles, after traveling some distance in the above

manner, came to rest on a dead end street, whereupon Cohen alighted from the Buick automobile and fired two shots from a revolver into the vehicle driven by defendant in which plaintiff was riding as a passenger. One of the bullets struck plaintiff, causing serious injury to him.

The within complaint was served upon defendant by the Sheriff of Luzerne County, who mailed the writ of summons by which the suit was started to defendant, who resides in the State of New Jersey, and, in addition, served it upon the Secretary of the Commonwealth allegedly pursuant to the Act of May 14, 1929, P. L. 1721, as amended, 75 PS §§2001, 2002.

The relevant provisions of this statute are as follows, 75 PS §2001(a):

". . . any nonresident of this Commonwealth, being the operator or owner of any motor vehicle . . . who shall accept the privilege extended by the laws of this Commonwealth to nonresident operators and owners of operating a motor vehicle, or of having the same operated, within the Commonwealth of Pennsylvania, . . . shall, by such acceptance or licensure, as the case may be, and by the operation of such motor vehicle within the Commonwealth of Pennsylvania, make and constitute the Secretary of the Commonwealth of the Commonwealth of Pennsylvania his, her or their agent for the service of process in any civil suit or proceeding instituted in the Courts of the Commonwealth of Pennsylvania . . . against such operator or owner of such motor vehicle . . . arising out of, or by reason of, any accident or collision occurring within the Commonwealth in which such motor vehicle is involved."

Defendant's preliminary objections are threefold: they raise a question of lack of jurisdiction, state a demurrer and present a motion for a more specific complaint.

The preliminary objections raising the question of

lack of jurisdiction relate to the manner of service of the summons therein. It is contended that service upon the Secretary of the Commonwealth is not effective to confer jurisdiction upon the court. The rationale of such contention is that this is not an action *involving* an *accident* or *collision* resulting from the operation of a nonresident's vehicle upon the highways of this Commonwealth.

The applicable statute referred to above provided for service upon the Secretary of the Commonwealth as agent where an out-of-State motor vehicle travels the highways of this Commonwealth and is "involved" in any "accident or collision" in the Commonwealth. Each litigant contends the statutory language employed is favorable to and consonant with their respective positions.

Some enlightenment may be gleaned from the decision of the court in Wilson v. Armstrong, 242 F. Supp. 612 (1965), decided in the United States District Court for the Eastern District of Pennsylvania. In that case, the court pointed out the general rule that substituted service statutes must be strictly construed. The court also stated that, although nothing in this statute requires that the motor vehicle or its operation must have caused the accident, the motor vehicle must at least have been involved in the accident. The court stated there must be at least something in the nature of a relationship of *cause and effect* between the operation of the motor vehicle or its presence at the place of the accident and plaintiff's injury.

It was then concluded in the Wilson case that there was no such involvement of the vehicle, since the accident occurred when plaintiff fell from a horse being transported in the vehicle (a horse van) which he had ridden some distance from the vehicle to obtain parts for repair of the truck after it had broken down.

Decisions outside of this Commonwealth have re-

lated to cause and effect. Sound philosophy attributes effects to their approximate causes: Osborn v. Bank of United States, 22 U. S. 738, 890. The word "effect" is often used in the sense of acting injuriously on persons or things: Ryan v. Carter, 93 U. S. 78. The logical rule in defining legal cause and effect is that a person guilty of negligence should be held responsible for all the consequences which a prudent and experienced man, fully acquainted with all the circumstances which, in fact, existed, whether they could have been ascertained by reasonable diligence or not, would at the time of the negligent act have thought reasonably possible to follow, if they had occurred to his mind: Jackson v. B. Lowenstein & Bros., 175 Tenn. 535, 136 S. W. 2d 495, 496. See Armstrong v. Montgomery St. Rwy. Co., 123 Ala. 233, 26 So. 349, 354.

Within the limits of such definition, there was no relationship of cause and effect which authorized substituted service in the case before us under the Pennsylvania Nonresident Motorist Act.

Ellis v. Georgia Marble Co., 191 Tenn. 229, 238, 232 S. W. 2d 45, 49, defines the word "involved." The Tennessee statute provided for substituted service upon the Secretary of State as agent for nonresident motorists for acceptance of service of process in any civil action brought against a nonresident by a resident of the State, arising out of any accident or injury occurring within the State, where a nonresident automobile is involved. It was therein held that substituted service on a nonresident owner of truck and nonresident truck driver was not authorized for injuries sustained by plaintiff while engaged in helping unload marble from a truck within the State because of alleged negligent loading of the truck. It was further held the word "involved" in the statute meant something connected with the accident as a natural and logical effect of the accident.

Within the guidelines of such definition, defendant Keller's vehicle was not "involved" nor was the vehicle's use a natural or logical effect of the accident.

While no Pennsylvania cases have been found applying the substituted service statute to an assault and battery, there have been enlightening out-of-State decisions. It seems clear that a statute providing for such substituted service of process on a nonresident motorist in actions arising from his operation of a motor vehicle within the State, does not contemplate such substituted service in an action against such nonresident for assault and battery where the motor vehicle itself is not used as a weapon.

Where a truck driver, who had been waiting to unload merchandise from his employer's truck, became enraged at delay caused by plaintiff in unloading his truck and climbed into plaintiff's truck and struck plaintiff, causing him to suffer injuries, substituted service was denied. Service of summons on the truck driver and his employer, a foreign corporation, by Director of Division of Motor Vehicle in action to recover for such injuries was invalid in that cause of action was held to be entirely independent of operation of motor vehicle in State as contemplated by the New Jersey statute providing for service of process on the director: *Lindsey v. Teddy's Frosted Foods, Inc.*, 18 N. J. 61, 112 A. 2d 529.

Similarly, it was held that a New York statute providing for substituted service on a nonresident in any action against him, growing out of any accident or collision in which such nonresident may have been involved while operating a motor vehicle in New York State, did not authorize substituted service in action against motorist for an assault and battery allegedly committed as an aftermath of the motor vehicle accident: *Feinberg v. Apone*, 201 Misc. 437, 114 N.Y.S. 2d 472.

Our consideration of the circumstances before this court for decision conduces toward the conclusion that the injuries which are the basis of the present action were not caused by reason of the use of the highways. The personal behavior characteristics, which resulted in the injuries, were independent of the operation of the motor vehicle in the State as contemplated by the Act of May 14, 1929, P. L. 1721, as amended, 75 PS §§2001, 2002.

The settled rule in Pennsylvania is that substantiated service statutes must be strictly construed: McCall v. Gates, 354 Pa. 158; Wilson v. Armstrong, supra. We must also consider that where the operation of a motor vehicle in the State by a nonresident was entirely unrelated to any action brought in the State against such an operator, the making of such operation as a grounds for service of process upon the Secretary of the Commonwealth raises issues of constitutionality: Lindsey v. Teddy's Frosted Foods, Inc., supra.

In view of the foregoing discussion and conclusion, the petition raising the question of jurisdiction is granted and the service of process on defendant is set aside. We, therefore, deem is unnecessary to resolve the remaining preliminary objections in the nature of a demurrer and a motion for a more specific complaint.

Accordingly, we enter the following

### ORDER

Now, August 22, 1969, at 10:00 a.m., it is ordered and directed that the service of process upon defendant in this case be set aside, and the petition raising a question of jurisdiction is granted. The preliminary objection in the nature of a petition raising a question of jurisdiction is sustained.