PRODUCERS' & REFINERS' CORPORATION *v.* ILLINOIS CENT.
R. Co. *et al.*

(*Jackson,* April Term, 1934.)

Opinion filed July 14, 1934.

CHARLES CRABTREE, of Tompkinsville, Ky., for plaintiff in error.

SIVLEY, EVANS & EVANS, of Memphis, for defendants in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

The plaintiff sued the defendants in the circuit court of Shelby county, Tenn., for damages for injury to its property caused by the joint and concurrent negligence of the defendants.

One of the defendants, C. B. Sharp, is a resident of Illinois. Process issued against him was served upon the secretary of state, as his agent for that purpose, under authority of the Code, section 8671. That process was quashed by the circuit court when the declaration disclosed that Sharp was not personally within the state nor in charge of his automobile at the time of the accident giving rise to the suit, but had sent it here in charge of his agent and employee.

On its appeal in error to this court, the plaintiff insists that the defendant, as non-resident owner of the automobile, was properly before the court by the process so served. The defendant contends that the Code section cited is limited in its application to nonresidents personally present and driving the automobile involved.

Determination of this issue is controlled by Code, section 8671, which we quote: "Any owner, chauffeur or operator of any motor vehicle that is not licensed under the laws of this state who shall make use of the privilege, hereby extended to nonresidents of the state, to operate such vehicle on highway or highways within the state, shall be deemed thereby to constitute the secretary of state of this state his agent for acceptance of service of process in any civil action brought by a resident of this state against him, arising out of any accident or injury occurring in this state in which such vehicle is involved. Such use of a highway shall be treated as an agreement on the part of said person that such service of process shall have the force and validity of personal service on him within the jurisdiction of this state and county of action."

Subsequent sections of the Code provide for consummation of the service by actual notice to the nonresident defendant. These sections are not involved on this appeal.

The defendant contends for a strict construction of this statute, and cites cases in which the phrase "operating an automobile" is construed as applying only to the physical control of the person driving it. *O'Tier* v. *Sell*, 252 N. Y., 400, 169 N. E., 624; *Morrow* v. *Asher* (D. C. Tex.), 55 F. (2d), 365; *Witherstine* v. *Employers' Liability Assur. Corp.*, 235 N. Y. 168, 139 N. E., 229, 28 A. L. R. 1298.

The cases cited recognize that the word "operate" may have a broader meaning, evidenced by its context. And in *Bischoff* v. *Schnepp*, 139 Misc. 293, 249 N. Y. S., 49, it was ruled that a nonresident corporation is operating an automobile driven into the state by its employee,

within the application of the statute construed in *O'Tier* v. *Sell, supra.*

Giving to the statute the strict construction contended for by the defendant, we think it supports the process served upon him.

Liability to this service of process is cast upon non-residents "who shall make use of the privilege . . . to operate" on highways within the state; and this liability is cast, not merely upon a nonresident "while operating," or upon one whose exercise of the privilege is evidenced by "his operating" the automobile involved, as in the statutes of New York and Texas, construed in the cases cited by defendant, but the nonresidents to be affected are classified and identified as "any owner, chauffeur or operator" of the automobile involved.

The use of the word "owner" in this statutory classification describes a nonresident in his relation to the automobile. It is used in opposition to the words "chauffeur" and "operator," the three words being separated by the alternative "or." The meaning, we think, is clear that an owner, who is neither chauffeur nor operator, is within the application of the statute.

When a nonresident owner of an automobile places it in the control of an agent or servant and sends it into this state, he is making use of the privilege of operating it on the highways of the state, and is making such use of the highways as to render himself liable to the process defined in the statute. This is the literal and natural meaning of the language employed in the section of the Code above quoted.

No question is made on the constitutionality of the statute, which seems to have been determined in *Hess* v. *Pawloski,* 274 U. S., 352, 47 S. Ct., 632, 71 L. Ed., 1091,

and *Wuchter* v. *Pizzutti,* 276 U. S., 13, 48 S. Ct., 259, 72 L. Ed., 446, 57 A. L. R., 1230.

The judgment of the circuit court, quashing the process, will be reversed and the case remanded for plea and further proceedings. The defendant will pay the costs of the appeal.