## Sipe *v.* Moyers et al., Appellants.

Argued September 24, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*W. Brown Higbee,* with him *Higbee, Lewellyn &
Higbee,* for appellants.

*Wade K. Newell,* with him *E. D. Brown,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, October 30,
1945:

This is an action in trespass by Eugene H. Sipe, ap-
pellee, against Theodore N. Moyers and Edward F.
Moyers and Frank Zickefoose, trading and doing busi-
ness as the Wheeling-Steubenville Truck Service, a part-
nership, appellants in appeal No. 215, and Olen E. Mc-
Kimie, an individual, appellant in appeal No. 216, to
recover damages for injuries sustained as a result of the
alleged negligence of McKimie, driver of appellants'
truck, on the premises of Anchor Hocking Glass Com-
pany, South Connellsville, Pennsylvania. Appearances
*de bene esse* were entered by appellants, challenging the
jurisdiction of the court for the reason that the Act of
1929, P. L. 1721, as amended, providing for service of
process in action against nonresident operators or own-
ers of motor vehicles, was not applicable to the facts of
this case. These appeals are from an order of the court
discharging the rules to set aside service of process.

The Wheeling-Steubenville Truck Service is a non-
resident partnership and has its principal place of busi-
ness at Wheeling, West Virginia. McKimie, operator of
the partnership truck, is also a resident of Wheeling,
West Virginia. On August 27, 1942, McKimie left Weir-
ton, West Virginia, and delivered a load of tin plate to
the Anchor Hocking Glass Company in South Connells-
ville, Pennsylvania. Appellee was injured as a result of
the alleged negligence of McKimie during the trans-
portation of a loading truck from one point on the An-
chor Hocking premises to another place on the same
premises. Appellants contend that the nonresident serv-
ice act has no application to the instant case or, if ap-
plicable, said statute deprives them of due process of

law, in violation of the 14th Amendment of the Federal Constitution.[1]

The Act of 1929, P. L. 1721, as amended, 75 P.S. 1201, provides: "From and after the passage of this act, any nonresident of this Commonwealth, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this Commonwealth to nonresident operators and owners of operating a motor vehicle, or of having the same operated, within the Commonwealth of Pennsylvania, or any resident of this Commonwealth, being the licensed operator or owner of any motor vehicle under the laws of this Commonwealth, who shall subsequently become a nonresident or shall conceal his whereabouts, shall, by such acceptance or licensure, as the case may be, and by the operation of such motor vehicle within the Commonwealth of Pennsylvania, make and constitute the Secretary of Revenue of the Commonwealth of Pennsylvania his, her, or their agent for the service of process in any civil suit or proceeding instituted in the courts of the Commonwealth of Pennsylvania against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within the Commonwealth in which such motor vehicle is involved." Pursuant thereto and in accordance with the Rules of Civil Procedure, No. 2077-2080, service of copies of the statement of claim and summons issued by the sheriff of Fayette County, was made upon appellants. The original statement and summons were served upon the Secretary of the Commonwealth by registered mail by the said sheriff of Fayette County.

It is not denied that the truck was owned by the partnership nor that McKimie was the operator of the truck and agent of the partnership. Cf. *Midora v. Alfieri,* 341 Pa. 27. Nor is it denied that Fayette County was

---

[1] ". . . nor shall any State deprive any person of life, liberty, or property, without due process of law . . .": U. S. Constitution, Amendment 14, Section 1.

the proper county in which to institute the present action: *Williams v. Meredith,* 326 Pa. 570.

The issue is whether a state may, in exercising its police power, subject nonresident motorists to extraterritorial service of process in an action arising out of an accident involving the motor vehicle of a nonresident brought into this state over the state highway, but where the cause of action arose off the highway on private property.

The power of a state to provide that by use of the highways within its territorial limits a nonresident legally constitutes a state official as his agent upon whom service may be made in any action against him arising from use of the highways cannot be denied: *Hess v. Pawloski,* 274 U. S. 352. By the act of using the highways the nonresident owner or operator has made himself amenable to the courts of that state in litigation arising from said act. A state may require a nonresident motorist or owner to appoint a state official as agent to receive service of process before use of the highways is permitted: *Kane v. New Jersey,* 242 U. S. 160. To hold that state power in this regard could not constitutionally be exercised to reach beyond the highway itself and encompass within its scope instances where the nonresident, after having entered the state over state highways, proceeds onto private property and there causes injury to another, would create an artificial and unreasonable distinction.

The injury is alleged to have resulted from the negligent operation of appellants' motor vehicle. The inherent danger accompanying the operation of motor vehicles is not restricted to highways. We may assume that the legislature in enacting the Non-Resident Motorist Act gave due consideration to such dangers and enacted a statute calculated to apply to the situation here presented. It is significant that the terms of the enactment do not restrict its operation to actions arising from the use of the highway as did the Massachusetts statute

in *Hess v. Pawloski,* supra. The legislature has taken cognizance of the inherent danger of motor vehicles, the ease with which a nonresident may enter and leave the state by use of its public highways within a very short period of time, and the burden upon a resident or domiciliary were he required to travel to the domiciliary state of the nonresident to institute an action.

The statute in question, reasonably adapted to remedy the evil, represents a constitutional exercise of the police power. It is not discriminatory, arbitrary or capricious. Appellants have not been deprived of property without due process of law, guaranteed to them by the 14th Amendment of the Constitution of the United States. They have, by the act of using the highways of this Commonwealth, made themselves amenable to our courts.

The order appealed from is affirmed. Costs to be paid by appellants.