John M. Bertrand *v.* Mr. and Mrs. Murphy C. Wilds.

*(Nashville,* December Term, 1954.)

Opinion filed May 6, 1955.

Rehearing denied August 2, 1955.

ABE D. WALDAUER, JOHN T. THOMPSON and ARTHUR H. FRIEDMAN, all of Memphis, for plaintiff in error.

CHARLES L. NEELY, of Memphis, for defendants in error.

TOMLINSON and PREWITT, Justices, dissented on original hearing.

Mr. Chief Justice Neil delivered the opinion of the Court.

The plaintiff sued the defendants in the Circuit Court of Shelby County for damages for personal injuries alleged to have resulted from the negligent operation of an automobile. The declaration, as originally filed, alleged that the accident happened in or upon a "private driveway". These words were, upon motion of the plaintiff's counsel, stricken and in their place and stead the word "highway" was substituted. The declaration was further amended as follows:

"Plaintiff further amends by adding before the final paragraph of said Count I the following averment:

"The defendant was making use of a highway of the State of Tennessee, as that term is defined by Section 2696a, subd. 13, reading as follows:

" ' "Highways." Shall include any trunk line highway, state aid road or other public highway, road, street, avenue, driveway, parkway, or place under the control of the state or federal government, or any political subdivision thereof, dedicated, appropriated or opened to public travel or other use.'

"The plaintiff also alleges that the vehicle operated by the defendant, which negligently ran into him, was the direct result of the negligent operation of said vehicle, and that this suit is a suit to recover arising out of an accident or injury occurring in this state in which said vehicle is involved. * * *"

To the declaration, as amended, the defendants filed a plea in abatement, which reads as follows:

"Now come your defendants in the above styled cause and for this purpose and this purpose only

say that, in abatement to plaintiff's summons and declaration, at the time the said summons was filed in the Circuit Court of Shelby County and the said writ was issued and served upon them, through the Secretary of State, that they were both resident citizens of the State of Mississippi, and that they were not subject to Section 8671 of the Code as amended; that the accident did not occur on the highways of the State of Tennessee. Therefore, the provisions of said Section 8671 do not apply, and there is no jurisdiction in this cause."

At the time the trial judge ruled upon the sufficiency of the foregoing plea in abatement, the parties entered into the following stipulation, as appears from the opinion and judgment of the court: "that the accident occurred in Shelby County, Tennessee, on the grounds of Hospital #88 on the date in which the declaration alleges, and that the said accident involved an automobile being driven by Mrs. Murphy C. Wilds and owned by Murphy C. Wilds, and John M. Bertrand, a pedestrian; and it having been agreed that the three photostats and the chart correctly show the grounds of Veterans Hospital #88, and counsel having marked on the picture the area in which the accident occurred; and it further having been stated that two guards are stationed at the guard house at the entrance;" * * *

While the picture of the area and photostats referred to are not in the record, the stipulation is sufficient to present the sole contention of the defendants that Section 8671 of the Code was not applicable to the case at bar for the reason that the said accident "did not occur on the highways of the State of Tennessee" as averred in the plea in abatement.

The trial judge sustained the defendant's plea and dismissed the case. The issue is now before us on appeal with the following assignments of error:

1. "The Court below erred in sustaining the plea in abatement and in dismissing plaintiff's suit.

2. "The Court erred in holding that Section 8671 had no application to the facts of this case.

3. "The Court erred in holding that the locus quo where the accident happened was not a public road as defined by the Statutes of Tennessee, and that Section 8671 was inapplicable to the case at bar."

The trial judge having ruled that the provisions of Code Section 8671 were not available as a means of securing jurisdiction of the person of the defendant by serving process on the Secretary of State, we here quote it in detail:

"Any owner, chauffeur or operator of any motor vehicle that is not licensed under the laws of this state or any nonresident of the State of Tennessee, who shall hire or procure the use of a motor vehicle licensed under the laws of this state for temporary use herein, and who shall make use of the privilege, hereby extended to nonresidents of the state, to operate such vehicle on highway or highways within the state, shall be deemed thereby to constitute the secretary of state of this state his agent for acceptance of service of process on any civil action brought by any person against him, arising out of any accident or injury occurring in this state in which such vehicle is involved. Such use of a highway shall be treated as an agreement on the part of said person that such service of process shall have the force and validity of personal service on him within the jurisdiction of this state and county of action. The agency of the

secretary of state to accept service of process shall continue for a period of one year from the date of any accident or injury and shall not be revoked by the death of such nonresident within such period of one year."

The trial judge sustained the defendants' contention that the foregoing Code Section was not available because the accident did not occur upon a "public highway", as defined by Code Section 2696a, subsection 13, as follows:

" 'Highways.' Shall include any trunk line highway, state aid road or other public highway, road, street, avenue, driveway, parkway, or place under the control of the state or federal government, or any political subdivision thereof, dedicated, appropriated or opened to public travel or other use."

We have thus set forth in detail the substance of the plaintiff's declaration as amended, the plea in abatement, the stipulation of the parties, and the applicable statutes, from which the issue for decision is clearly drawn.

The plea in abatement and the stipulation concede that the defendant's automobile was *involved* in the accident which resulted in plaintiff's injury, and that it occurred within and upon territory occupied by the Veterans Hospital at Memphis, Tennessee.

Responding to the contention of counsel that Code Section 8671, supra, should be given a strict construction, the same being in derogation of the common law, we hold that in doing so it must be given a reasonable construction, and which is in accord with its purposes. Now, what was the clear legislative intention in passing this statute? The answer is found in the very language of the statute which is that a nonresident of the State who shall make use of the privilege to operate a vehicle upon any high-

way of the State and his vehicle is *involved* in an accident, he consents that the Secretary of State shall be his agent for acceptance of service of process.

The conclusion is inescapable that the statute in question was intended to apply to traffic accidents in which the nonresident's car is involved. It must be conceded that the statute contemplated an accident upon some highway of the State. But it does not purport to limit its application to highways leading from town to town and recognized as a public highway, but rather to any *traveled roadway* within the State. Moreover, the statutory definition of "highways" includes any "public highway", "driveway" or "street" under the control of the State or Federal Government, or "opened to public travel *or other use.*" It thus appears that if we are confined to the statutory definition, as herein quoted, it conclusively appears that a "highway" includes any "street, avenue, driveway, parkway, * * * [*that is*] *opened to public travel or other use."* (Emphasis ours.)

The accident, out of which this suit arises, did not occur upon a private road, or driveway, in the sense that anyone who might choose to use it would be denominated as a trespasser. The stipulation is to the effect that it happened in a driveway located upon territory occupied by the Veterans Hospital. It would be a strain upon our imagination for us to suppose that the accident happened upon a driveway not open to public use, even conceding that there were guards at the hospital entrance gate. In the absence of any stipulation to the contrary we have the right to assume that the public was permitted to enter the hospital grounds without a special permit.

There is nothing in the record, other than the stipulation, to give the Court any information as to the length or character of the driveway upon which this accident

occurred. Suffice it to say, it was sufficient for the accommodation of vehicular traffic; and it was being thus used at the time the defendant's automobile was involved in the accident. In these circumstances we think it was the plain intention of the Legislature to make this statute available to local citizens to bring a nonresident tortfeasor before the court by service of process upon the Secretary of State.

We think the trial judge, for whose opinion the Court has high respect, was in error in holding that the case of *Ellis* v. *Georgia Marble Co.*, 191 Tenn. 229, 232 S. W. (2d) 45, controlled the case at bar. In that case the Court, speaking through Mr. Justice Burnett, held that the automobile of the defendant was not involved in any traffic accident. The accident which gave rise to the suit did not happen upon any highway. In regard to this issue, it was said, 191 Tenn. on page 234, 232 S. W. (2d) on page 47, of the opinion: "Be this as it may, we are not pitching this opinion on the question of whether or not the alleged accident happened on or off of the highways of the State but are basing it on other matters hereinafter discussed." The final conclusion of the Court was that the truck, which was delivering marble from a point in the State of Georgia to a consignee in Memphis, *was not involved in any accident,* and hence Code Section 8671 had no application.

We deem it unnecessary to discuss opinions from other jurisdictions wherein similar statutes are construed. The assignments of error are sustained, and the case is remanded to the Circuit Court for a plea to the declaration, and a trial on the merits.

BURNETT and SWEPSTON, Justices, concur.

TOMLINSON and PREWITT, Justices, dissent.

TOMLINSON, Justice (dissenting).

The road upon which this traffic accident occurred was within the premises belonging to the United States Veterans Administration; that is, the United States Government. The United States has exclusive jurisdiction of these premises and the roads therein. The State of Tennessee has no jurisdiction whatsoever over these premises or the roads therein.

Section 8671 of the Code Supplement provides that the privilege "hereby" granted nonresidents to operate motor vehicles on highways within the State, and such operation, shall be treated as an agreement upon the part of the nonresidents that service of process upon the Secretary of State with copy sent to him shall have the force of personal service upon such nonresident. Without regard to what the definition of a highway given by subsection 13 of Code Section 2696a is, Mr. Justice Prewitt and I are of the opinion that the State of Tennessee has no authority to require a nonresident to agree to anything as a condition precedent to the use of a road or highway over which the State of Tennessee has no jurisdiction whatsoever.

But aside from that, we think the provision in the aforesaid subsection 13 defining a highway as one, among other things, under the control of the Federal Government means highways in the State built with State and Federal funds and connected with the highways of other states and over which the jurisdiction of Tennessee in this State extends with reference to repairs, maintenance and the regulation of traffic thereon. That Code Section is carried in the Code under the title "Regulation of Motor and Other Vehicles". Tennessee has no authority to regulate the driving of motor vehicles on roads over which it has no jurisdiction, in our opinion.

552

For the reasons stated Mr. Justice PREWITT and I feel compelled to record our dissent from the conclusion reached by the majority.

ON PETITION TO REHEAR.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The defendants in error, who were also defendants in the trial court, have filed their petition to rehear complaining generally that the Court erred in construing Code Section 8671 so as to give the courts of this State jurisdiction over nonresident owners and operators of vehicles registered in a foreign State, and that in the instant case it was sufficient that process was served upon the Secretary of State pursuant to the provisions of the aforesaid Code Section. These questions were fully discussed in the original opinion.

Contention is further made that the Court erred in treating the plea in abatement to the declaration as a demurrer rather than accept as true the statement of the trial judge as to the facts attending the place of the accident i. e. that the accident "did not happen upon a highway of the State of Tennessee, the driveways or roads within the hospital grounds not being open for general use of the traveling public."

The foregoing statement, which we think is a legal conclusion, is admittedly based upon certain maps and pictures of the hospital grounds, but not made a part of the record. But conceding it to be a finding of fact there is no dispute as to the place of the accident, that is that it did not happen on a public highway.

The determinative issue is whether or not we gave the Code Section 8671 a fair and reasonable construction

and in conformity with the intention of the Legislature. While the constitutionality of the statute depends upon its provision providing for *due process* as affecting the rights of a nonresident, it cannot be denied that it was enacted not for the benefit of nonresidents traveling within this State but rather for the benefit of the residents of Tennessee.

We readily concede that the statute would be unconstitutional if there was no provision for proper notice upon the nonresident by service of process upon a designated State official, i. e. the Secretary of State. *Wuchter* v. *Pizzutti,* 276 U. S. 13, 48 S. Ct. 259, 72 L. Ed. 446; *Kane* v. *State of New Jersey,* 242 U. S. 160, 37 S. Ct. 30, 32, 61 L. Ed. 222. But our cases uniformly hold that the Code Section applicable to the instant case is a valid statute. Moreover our construction of it in the case at bar in no way affects its constitutionality. An examination of comparative legislation in all the states discloses a general intent to regulate travel upon the highways in a manner that is fair and just to everyone, both residents and nonresidents. Thus it was said by Mr. Justice Brandeis in *Kane* v. *State of New Jersey,* supra, construing the Maryland statute, ''It is not a discrimination against nonresidents, denying them equal protection of the law. On the contrary, it puts nonresident owners upon an equality with resident owners.'' It was further said in the same opinion, construing and giving emphasis to the general purpose of these statutes, ''The power of a state to regulate the use of motor vehicles on its highways has been recently considered by this court and *broadly sustained.*'' (Emphasis supplied.) 242 U. S. 167, 168, 37 S. Ct. 31.

We concede the soundness of the following statement on petitioner's brief:

"When not availing himself of the privilege to use the highway the process of a court of Tennessee cannot run into another state and summons a party therein domiciled to respond to proceedings brought against him for a money judgment in Tennessee.

"Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565.

"To prosecute a suit brought in the courts of Tennessee against a non resident there must be actual service upon him within the state, or upon someone authorized by him to accept service."

But there is no escape from the conclusion under Code Section 8671 that there is an implied consent by the non-resident's use of the highways of this State that in case of an accident involving the use of his automobile the person injured may have service of process upon the Secretary of State.

In *Producers' & Refiners' Corp.* v. *Illinois Cent. R. Co.*, 168 Tenn. 1, 73 S. W. (2d) 174, 175, it was said:

"When a nonresident owner of an automobile places it in the control of an agent or servant and sends it into this state, he is making use of the privilege of operating it on the highways of the state, and is making such use of the highways as to render himself liable to the process defined in the statute. This is the literal and natural meaning of the language employed in the section of the Code above quoted."

It is again urged upon us by the petitioner that the statute is not applicable because the accident was not upon any highway or driveway that was subject to State regulation but was upon private grounds, i. e. a Veterans Hospital. While construing the statute with a reasonable degree of strictness, the same being in derogation of the common law, we are not required to construe it so as to

place an undue limitation upon its purpose. The petitioner's contention brings us face to face with the question of when, and under what circumstances, a nonresident owner and operator of an automobile becomes exempt, if ever, from State or municipal regulation of vehicular traffic. In other words, it is true that he may operate his automobile for hours on a public highway and be exempt from the provisions of this "substitute for service statute" the moment he enters a private driveway, or an area that is under control or supervision of Federal authorities? We think not. There is no such conflict between State and Federal power in the regulation of public travel that a nonresident may claim exemption from the service of process upon the Secretary of State for an accident based upon a mere technical distinction between a public highway and a driveway upon private property.

■ It is our well-considered opinion that the statute applies to the operation of motor vehicles upon public highways by nonresidents and also to the operation of such vehicles on private property, as a necessary incident to public travel upon the streets and highways of this State. *Paduchik* v. *Mikoff,* 158 Ohio St. 533, 110 N. E. (2d) 562, construing the statute of Ohio, which is similar to ours, and *Sipe* v. *Moyers,* 353 Pa. 75, 44 A. (2d) 263, construing the Pennsylvania statute, which is also similar in all respects to our own statute.

In *Paduchik* v. *Mikoff,* supra, the defendant's contention was identical with the defendant, petitioner in the instant case, that is, that the "substitution of service statute" was not applicable unless the accident happened on a public highway. The sole issue involved the jurisdiction of the local courts of Ohio over the person of a nonresident who was enjoying the privilege of using the

state's highways. In ruling upon this issue, it was held [158 Ohio St. 533, 110 N. E. (2d) 567]:

"Unquestionably, such jurisdiction extends to the operation of motor vehicles on the public highways of the state and, in the opinion of this court, it also extends to the operation of the motor vehicle operated on private property in private garages and on private parking lots *as an incident to its operation on such highways.*" (Emphasis supplied.)

It is true there are cases to the contrary, such as where the accident happened while operating a "combine harvester" in a wheat field in such a manner as to set fire to and destroy twenty-one (21), acres of wheat. *Kelley* v. *Koetting,* 164 Kan. 542, 190 P. (2d) 361, and other cases cited by the Ohio Court.

The living force of our statute, however, and similar statutes in other states, clearly serves the public interest. These statutes, reasonably adopted to remedy the evil of an ever increasing number of accidents arising from the operation of motor vehicles both on our highways and elsewhere, represent a constitutional exercise of the police power. Thus in *Sipe* v. *Moyers,* supra, it is said (quoting from the Ohio opinion):

" 'The issue is whether a state may, in exercising its police power, subject nonresident motorists to extra-territoral service of process in an action arising out of an accident involving the motor vehicle of a nonresident brought into this state over the state highway, but where the cause of action arose off the highway on private property.

" '* * * To hold that state power in this regard could not constitutionally be exercised to reach beyond the highway itself and encompass within its scope instances where the nonresident, after having

entered the state over state highways, proceeds onto private property and there causes injury to another, would create an artificial and unreasonable distinction.' "

Petition to rehear is denied.

TOMLINSON, Justice, dissenting from the original opinion, now concurs in the foregoing on the sole ground that the petition to rehear is a reargument of the case.