**W. C. WILLIAMS and Mrs. W. C. Williams, Individually and Next-of-Kin of Michael Paul Williams, Plaintiffs-Appellees,**

**v.**

**Merle E. KITCHIN, Defendant-Appellant.**

**No. 15068.**

United States Court of Appeals
Sixth Circuit.

April 17, 1963.

Frierson M. Graves, Jr., Memphis, Tenn. (A. Longstreet Heiskell, Memphis, Tenn., on the brief; Shepherd, Heiskell, Williams, Wall & Kirsch, Memphis, Tenn., of counsel), for appellant.

William P. Moss, Jackson, Tenn. (Aaron C. Brown, Paris, Tenn., on the brief; Moss & Benton, Jackson, Tenn., of counsel), for appellees.

Before CECIL, Chief Judge, WEICK, Circuit Judge, and WILLIAM E. MILLER, District Judge.

PER CURIAM.

Plaintiffs-appellees, Mr. and Mrs. W. C. Williams, individually and as next-of-kin of their deceased son, recovered judgments against defendant-appellant, Mrs. Merle E. Kitchin, in three actions for wrongful death, personal injuries and property damages, resulting from a collision between the Williams and Kitchin automobiles at a blind intersection of U. S. Highway No. 79 and Sulphur Wells Road in Henry County, Tennessee, on May 6, 1960. Service of process upon appellant, a resident of the State of Michigan, was effected through the Secretary of State of Tennessee pursuant to the Tennessee nonresident substituted service of process statute, T.C.A. § 20-224 et seq.

Appellant's contentions are (1) that the trial court lacked jurisdiction of her person because she was not within the scope of the Tennessee substituted service of process statute authorizing service through the Secretary of State; (2) that the trial court erred in overruling her motion for a directed verdict on the ground that the proof established proximate contributory negligence on the part of the driver of the Williams automobile; and (3) that the verdict for the death of the child was excessive.

On May 4, 1960, Mrs. Kitchin went by plane from her home in Port Huron, Michigan, to Memphis, Tennessee, where she visited her brother and purchased the automobile involved in the accident. She obtained from the dealer a "drive-out" tag, a temporary license or permit issued by the state through automobile dealers which is valid for five days. On the morning of May 6, 1960, accompanied by four friends and relatives, she left Memphis in the newly purchased automobile for her home in Michigan. After one or two stops for sandwiches and refreshments, the group reached the point where the accident occurred at about 1:40 P.M.

The District Court properly held that the appellant was subject to substituted service of process upon the Secretary of State under that portion of the Tennessee Act which provides:

"20-224. Use of highways as appointment of agent for process.— * * * any nonresident of the state of Tennessee who shall hire or procure the use of a motor vehicle licensed under the laws of this state, for temporary use herein, and who shall make use of the privilege, hereby extended to nonresidents of the state, to operate such vehicle on highway or highways within the state, shall be deemed thereby to constitute the secretary of state of this state his agent for acceptance of service of process in any civil action brought by any person against him, arising out of any accident or injury occurring in this state in which such vehicle is involved."

We cannot agree with appellant's theory that this provision of the statute was intended to cover only "those nonresidents who rent or otherwise obtain the bailment of an automobile licensed in this state but have no other right of ownership." While the Act is in derogation of the common law and is to be strictly construed, it must nevertheless be given a reasonable construction, and one which is in accord with its purpose. Bertrand v. Wilds, 198 Tenn. 543, 281 S.W.2d 390. The general purpose of the Act is to subject nonresident users of the state's highways to the state's judicial process in actions arising out of accidents occurring

on such highways. Indicative of the broad scope of the Act is its definition of a nonresident to include not only actual nonresidents of the state but those residents owning or operating motor vehicles properly registered and licensed under the laws of the state who have been absent from the state for at least thirty (30) days preceding the day on which process shall have been served on the secretary of state. Counsel agree that the Tennessee Supreme Court has never passed upon the precise question here presented. However, we are of the opinion that the District Court correctly construed the statute as being applicable in the case at bar.

■ Appellant's motion for a directed verdict on the ground that the driver of the Williams automobile was guilty of proximate contributory negligence was also properly overruled by the trial judge. There was substantial evidence that the driver stopped at the intersection where her view to the left was obstructed by a number of vehicles parked in front of a store; that she then backed the car to a point where she could see between the parked vehicles and the store for a distance of approximately 500 feet up the highway to the crest of a hill; that no vehicles were in sight; and that she then "eased out" into the intersection carefully while "checking" in both directions. Appellant's theory is that the driver, after backing the car, proceeded blindly into the intersection. Under the facts developed by the evidence, the question of contributory negligence was manifestly for the jury to determine.

■ Appellant also contends that the trial court abused its discretion in refusing to grant a new trial because the verdict of $10,000.00 for the death of the four-year-old child was so excessive as to indicate passion and prejudice on the part of the jury. Upon examination of the record, we find no merit in this contention.

There being no reversible error in the record, the judgments are affirmed.