## Snyder v. Marion

*Dale E. Anstine*, for plaintiffs.
*Robert P. Reed*, for defendant.

SPICER, *P.J.*, June 23, 1981—Plaintiffs filed a complaint in trespass which alleged that defendant, while operating a motor vehicle on Pennsylvania Route 234 within Adams County, became involved in an accident. As a result, plaintiffs say they were injured. Plaintiffs have not been able to effectuate personal service on defendant because it is alleged he is a nonresident whose present whereabouts are unknown.

Because of the inability to find defendant, plain-

tiffs requested this court to designate the means of service. The petition was filed on March 3, 1981, and alleged that at the time of the accident, defendant was a resident of Massachusetts, residing at 377 Elm Street, Gardner, Massachusetts. Letters sent to that address have ben returned marked "Moved, Not Forwardable."

A check with the Massachusetts Motor Vehicle Registry showed defendant's address still listed at the time of the accident.

Defendant's insurance carrier was National Indemnity Company. The carrier assigned the claim for adjustment to Arthur Reeher Company of Harrisburg, Pa. Plaintiffs requested an address from Reeher on December 29, 1980, but received "no reply or assistance."

The petition requested the court to direct that service be made upon either the Secretary of the Commonwealth or upon Reeher. The court, however, directed that service be made upon both.

Reeher has filed preliminary objections raising lack of jurisdiction. It has filed an affidavit in nonagency with the preliminary objections. While we have serious reservations about Reeher's standing to object in this case, we will proceed to dispose of the objections.

Plaintiffs have a clear right to proceed in this forum. The Judicial Code, 42 Pa.C.S.A. §5322(a)(3), gives this court in personam jurisdiction over a nonresident motorist defendant who has caused harm or tortious injury within this county. The act, in §5322(a), gives this court the power to direct the manner of service in a manner reasonably calculated to give actual notice.

While no longer specifically authorized by statute, the practice of service upon the Secretary of

Commonwealth is a constitutionally permissive means of long standing: 75 Pa.C.S.A. §6701, now repealed; Sipe v. Moyers, 353 Pa. 75, 44 A. 2d 263 (1945). Reeher is adjusting his claim. Indeed, there is a suggestion that Reeher has actively engaged in this case by pursuing discovery. It is reasonable to assume that if anyone knows where defendant is, it would be Reeher. It is also reasonable to assume that Reeher will communicate with defendant.

Reeher argues that the act, supra, authorizes service outside the Commowealth and not within the Commonwealth upon an agent. It has filed an affidavit of non-agency. Assuming defendant is a nonresident, service is effectuated even though he is outside the Commonwealth, if service is reasonably calculated to give him actual notice. Reeher was served, not because it was defendant's agent, but because it could reasonably be expected that notice would be transmitted to defendant.

For reasons discussed, the following order is entered.

### ORDER

And now, June 23, 1981, the preliminary objections filed by Arthur Reeher Company, Inc. are dismissed.