Timothy LOYD, Appellant,

v.

Andrew LITTLEJOHN and Eli George, Appellees.

Court of Appeals of Tennessee, Eastern Section.

March 26, 1982.

Permission to Appeal Denied by Supreme Court Oct. 4, 1982.

James T. Bowman of Anderson, Bowman & Fugate, Johnson City, for appellant.

James H. Epps, III, of Powell & Epps, Johnson City, for appellees; James H. Holloway of Western North Carolina Legal Services, Inc., Indian Law Unit, Cherokee, N. C., of counsel.

OPINION

PARROTT, Presiding Judge.

In this case we are asked to decide whether the Washington County Circuit Court has the subject matter jurisdiction to hear an action in tort which arose on Tennessee State Highway 34 between a Tennessee resident and Cherokee Indians living in the Qualla Indian Boundary in North Carolina. The court below concluded that it did not have subject matter jurisdiction in this case and dismissed the action as to Appellee Eli George on that basis. As to Appellee Andrew Littlejohn, the court dismissed the action on the basis that service of process was insufficient.

After careful consideration of this case, we conclude that the circuit court did have subject matter jurisdiction over this matter and, therefore, reverse the court below on that point. We affirm it, however, in its

holding that service of process to Andrew Littlejohn was insufficient.

Appellant is a resident of Limestone, Tennessee. Appellees are both Cherokee Indians and residents of the Qualla Indian Boundary in North Carolina. On June 20, 1980, Appellee Andrew Littlejohn was driving a jeep truck owned by Appellee Eli George on State Highway 34 in Washington County. The truck ran into a cable that was stretched across the highway from appellant's wrecker to an automobile in a ditch on the other side. Upon impact, appellant alleges he was thrown from his seat in the wrecker, seriously injuring his knee. Appellant sued for $50,000.00 compensatory and $50,000.00 punitive damages. Pursuant to the Tennessee "long-arm" statute, T.C.A. § 20–2–205, service of process was mailed to both appellees in care of "General Delivery, Cherokee, North Carolina." Appellee Eli George picked up his service and signed the return receipt. Appellee Andrew Littlejohn's service was returned unclaimed.

■ The Washington County Circuit Court has subject matter jurisdiction in this dispute. The basic rule in this area is stated clearly in Felix S. Cohen's *Handbook of Federal Indian Law* (1942):

> In matters not affecting either the Federal Government or the tribal relations, an Indian has the same status to sue and be sued in state courts as any other citizen. *Id.* at 379.
>
> .    .    .    .    .
>
> (1) In matters involving only Indians on an Indian reservation, the state has no jurisdiction in the absence of specific legislation by Congress.
> (2) In all other cases, the state has jurisdiction unless there is involved a subject matter of special federal concern. *Id.* at 121.

Clearly, this dispute is not between Indians, did not occur on an Indian reservation, and is not of special concern to the Federal Government. Indeed, it is a classic situation in which a state citizen injured by a nonresident is given redress in his or her own state's courts. *See generally,* 42 C.J.S. "Indians" § 8(b).

Both sides cite 25 U.S.C. § 1322(a) in their briefs. This statute states as follows:

> (a) The consent of the United States is hereby given to any State not having jurisdiction over civil causes of action between Indians or to which Indians are parties *which arise in the areas of Indian country situated within such State* to assume, with the consent of the tribe occupying the particular Indian country or part thereof which would be affected by such assumption, such measure of jurisdiction over any or all such civil causes of action *arising within* such *Indian country* or any part thereof as may be determined by such State to the same extent that such State has jurisdiction over other civil causes of action, and those civil laws of such State that are of general application to private persons or private property shall have the same force and effect within such Indian country or part thereof as they have elsewhere within that State. (Emphasis supplied.)

As we read the statute, it is dealing with the specific problem of jurisdiction over disputes that arise on Indian lands. In fact, most of the reported cases in this area deal with that problem. *See, e.g., Sasser v. Beck,* 40 N.C.App. 668, 253 S.E.2d 577 (1979). That is not the problem we have in the instant case. There is no dispute that the accident being sued on occurred on a Tennessee highway. As such, we conclude that it should be treated as any other case in which a nonresident is involved in an accident within the state. The "long arm" statutes were passed for the benefit and protection of Tennessee residents, not vice versa. *Bertrand v. Wilds,* 198 Tenn. 543, 281 S.W.2d 390 (1955). The circuit court has subject matter jurisdiction in this case.

■ On the issue of sufficiency of service of process, we feel that the court below was clearly correct. Appellee Eli George received his service and returned it. The court clearly had jurisdiction over his person. Appellee Andrew Littlejohn, however, never picked up his letter, and there is no evidence showing that he received it. Ap-

pellant's contention that appellee Littlejohn in effect admitted actual notice by challenging jurisdiction over his person through a motion to dismiss has long been rejected by courts and has no merit. Parties may challenge jurisdiction over their person without admitting it by appearing in court. Service to Appellee Littlejohn was insufficient under T.C.A. § 20–2–205.

Let this cause be remanded for a trial on the merits of Appellant's suit against Appellee Eli George.

Let the costs incident to this appeal be taxed to Eli George; all other costs will abide the outcome and be taxed in the discretion of the circuit judge.

GODDARD and FRANKS, JJ., concur.