IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 13, 2025 Session

## VERNON LOWE v. ELISHA HARVEY

Appeal from the Circuit Court for Cumberland County
No. 2021-CV-6828     Caroline E. Knight, Judge

No. E2024-01588-COA-R3-CV

This appeal concerns service of process.  Vernon Lowe ("Plaintiff") sued Elisha Harvey ("Defendant") in the Circuit Court for Cumberland County ("the Trial Court") for personal injuries sustained in a car accident.  Defendant lives out of state.  Plaintiff attempted to serve Defendant via the Tennessee Secretary of State.  Defendant filed a motion to dismiss asserting insufficient service of process.  The attempted service on Defendant occurred during the Covid-19 pandemic, when the signature requirement for return receipt mail was suspended by the postal service.  The signature space on the proof of delivery shows "E Harvey" handwritten with "MRC1C19" underneath.  Plaintiff does not argue that this represents Defendant's signature.  Instead, Plaintiff argues that his service upon the Secretary of State was sufficient in itself.  The Trial Court granted Defendant's motion to dismiss.  Plaintiff appeals.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;
Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and THOMAS R. FRIERSON, II, J., joined.

J. Timothy Bobo, Clinton, Tennessee, for the appellant, Vernon Lowe.

Daniel H. Rader, IV, Cookeville, Tennessee, for the appellee, Elisha Harvey.

# OPINION

## Background

The background facts are few and largely immaterial to this appeal, which poses pure questions of law. On November 10, 2021, Plaintiff sued Defendant in the Trial Court for personal injuries sustained in a December 28, 2020 car accident in Tennessee. Plaintiff lived in Tennessee, while Defendant lived in Indiana. Plaintiff sought to serve Defendant via the Tennessee Secretary of State. The crux of this appeal is whether Plaintiff successfully did so.

Certain of the Tennessee long-arm statutes are at issue, including Tenn. Code Ann. § 20-2-203(a)(1) (West eff. Aug. 11, 2009), which provides that out-of-state motorists operating motor vehicles on Tennessee highways "shall be deemed thereby to constitute the secretary of state of this state as agent for acceptance of service of process in any civil action brought by any person against the owner, chauffeur or operator of such motor vehicle or nonresident arising out of any accident or injury occurring in this state in which such vehicle is involved[.]" Furthermore, "[s]uch use of a highway shall be treated as an agreement on the part of such person that such service of process shall have the force and validity of personal service on the owner, chauffeur or operator of such motor vehicle or nonresident within the jurisdiction of this state and the county of action." Tenn. Code Ann. § 20-2-203(a)(2) (West eff. Aug. 11, 2009). Regarding service of process on non-resident motorists, Tenn. Code Ann. § 20-2-205 provides in pertinent part:

(a) Service of process under § 20-2-203 shall be made by lodging, by the plaintiff or the plaintiff's attorney, the original summons and a copy certified by the clerk of the court in which action is brought, with a fee of twenty dollars ($20.00), with the secretary of state, who shall promptly send, postage prepaid, the certified copy by registered or certified return receipt mail to the defendant, along with a written notice that service was so made.

\*\*\*

(d) In case delivery of process so made by registered or certified mail is refused by the addressee of the process, such refusal to be evidenced by appropriate notation of such fact by the postal authorities, the refusal shall be deemed the equivalent of delivery and adequately constitutes service.

(e) Acceptance of the registered or certified mail by any member of the addressee's family, over sixteen (16) years of age and residing in the same

dwelling with the addressee, shall constitute a sufficient delivery of the mail to the addressee.

Tenn. Code Ann. § 20-2-205 (West eff. Aug. 11, 2009).  In addition, Tenn. Code Ann. § 20-2-206 provides:

> The original process, endorsed as provided in this section, an affidavit of the secretary of state setting forth the secretary of state's compliance with the requirements of § 20-2-205, and the return receipt signed by, or duly in behalf of, the defendant, shall be attached together and sent to and filed by the clerk. There shall be endorsed on the original process by the secretary of state over the secretary of state's signature the date of the secretary of state's mailing the certified copy to the defendant and the date on which the secretary of state received the return receipt of the defendant.  Thereupon service on the defendant shall be consummate.  An act of a deputy or regular assistant of the secretary of state in the secretary of state's behalf shall be deemed the equivalent of the act of the secretary of state.

Tenn. Code Ann. § 20-2-206 (West eff. Aug. 11, 2009).

The Tennessee Rules of Civil Procedure also address service upon the Tennessee Secretary of State.  Tenn. R. Civ. P. 4B provides, in relevant part:

> (1) Whenever the law of this state permits service of any process, notice, or demand, upon a defendant outside the territorial limits of this state, the secretary of state may be served as the agent for that defendant.  Service shall be made by delivering to the secretary of state the original and one copy of such process, notice, or demand, duly certified by the clerk of the court in which the suit or action is pending or brought, together with the proper fee. A statement that identifies the grounds for which service on the secretary of state is applicable must be included.

> (2) The secretary of state shall endorse the time of receipt upon the original and copy and immediately shall promptly send, postage prepaid, the certified copy by registered or certified return receipt mail to the defendant, along with a written notice that service was so made.  If the defendant to be served is a corporation, the secretary of state shall send the copy, along with a written notice that service of the original was made, addressed to such corporation at its registered office or principal office as shown in the records on file in the secretary of state's office or as shown in the official registry of the state or country in which such corporation is incorporated.  If none of the previously

mentioned addresses is available to the secretary of state, service may be made on any one (1) of the incorporators at the address set forth in the charter. The secretary of state may require the plaintiff or the plaintiff's attorney to furnish the latter address.

***

(5) Acceptance of such registered or certified mail by any member of the addressee's family, over the age of sixteen (16) years and residing in the same dwelling with him, shall constitute a sufficient delivery thereof to the addressee.

(6) The refusal or failure of a defendant, or the defendant's agent, to accept delivery of the registered or certified mail provided for in subpart (1), or the refusal or failure to sign the return receipt, shall not affect the validity of such service; and any such defendant refusing or failing to accept delivery of such registered or certified mail shall be charged with knowledge of the contents of any process, notice, or demand contained therein.

(7) When the registered or certified mail return receipt is received by the secretary of state or when a defendant refuses or fails to accept delivery of the registered or certified mail and it is returned to the secretary of state, the secretary of state shall forward the receipt or such refused or undelivered mail to the clerk of the court in which the suit or action is pending, together with the original process, notice, or demand, a copy of the notice sent to the defendant corporation and the secretary of state's affidavit setting forth his or her compliance with this Rule. Upon receipt thereof, the clerk shall copy the affidavit on the rule docket of the court and shall mark it, the receipt or refused or undelivered mail, and the copy of notice as of the day received and place them in the file of the suit or action where the process and pleadings are kept, and such receipt or refused or undelivered mail, affidavit, and copy of notice shall be and become a part of the technical record in the suit or action and thereupon service on the defendant shall be complete. . . .

Tenn. R. Civ. P. 4B.

A summons was issued by the Clerk of the Cumberland County Circuit Court to the Tennessee Secretary of State pursuant to Tenn. Code Ann. §§ 20-2-203–207, the Non-Resident Motorist Statutes. The summons was stamped received by the Secretary of State's office on November 18, 2021. According to a December 8, 2021 Affidavit and Endorsement sworn to by the Secretary of State's office, the Secretary of State mailed the

summons to Defendant in Indiana on November 22, 2021. The affidavit stated: "I mailed by registered or certified return-receipt mail the certified copies of the process, notice, or demand to the above address together with a written notice that service was made." It continued: "I further make oath that the return receipt for the registered or certified letter was received at my office in Nashville, Tennessee, on 12/06/2021 and returned to CUMBERLAND COUNTY - CIRCUIT COURT of CROSSVILLE, TN on 12/08/2021." However, during this time, the United States Postal Service had suspended its signature requirement for certified mail and registered return receipt mail because of Covid-19. The record contains a document purporting to be proof of delivery showing "E Harvey" in the signature space, "MRC1C19" underneath, and the recipient's street address, all handwritten. Defendant entered an article into the record explaining that the postal service used this procedure as a substitute for recipient signature on certified mail during the pandemic.[1]

It was and remains Plaintiff's position that he did all that was necessary to obtain service on Defendant. In his brief on appeal, Plaintiff asserts: "Upon *acceptance* of substituted service of process by the Secretary [of State] in accordance with the Non-Resident Motorist Statute, [Plaintiff] had made good and valid service of process, reasonably calculated, under all the circumstances, to effect actual notice and had done all that Tenn. R. Civ. P. Rules 4.05 and 4B required of him." For his part, Defendant argues: "The Constitution's requirements of actual notice to a defendant are not dispensed with and are not discharged by the Postal Service's unwillingness to obtain a return receipt. Nor are the Tennessee statute's express requirements waived by the Postal Service's unwillingness to do what the statute expects."

On June 5, 2023, Defendant filed a notice of special and limited appearance to challenge sufficiency of process and sufficiency of service of process. Defendant also filed a motion to dismiss. Plaintiff filed a response in opposition. In July 2023, the Trial Court heard Defendant's motion to dismiss. In November 2023, the Trial Court entered an order granting Defendant's motion and dismissing Plaintiff's lawsuit with prejudice. In its order, the Trial Court stated, as relevant:

> From consideration of the Motion, the Response by Plaintiff, and a review of the entire record in this cause, the Court finds the Defendant's Motion well-taken and should be GRANTED based on insufficient service of process. The Court finds that the summons was not properly served on the Defendant Elisha Harvey. The summons reflected in the court record confirms that the summons was not delivered to the actual Defendant due to Covid-19, and

---

[1] "No Signature, No Service – No Exceptions, Even for Covid-19." Frances Codd Slusarz, American Bar Association, May 11, 2022, https://www.americanbar.org/groups/litigation/publications/litigation-news/top-stories/2022/no-signature-no-service-no-exceptions-covid/.

failure to personally serve the Defendant constitutes insufficient service of process. The case against Elisha Harvey is therefore DISMISSED pursuant to Tenn. R. Civ. P. 12.05(5).

Plaintiff filed a motion to alter or amend. Meanwhile, Plaintiff filed another lawsuit against Defendant arising out of the same car accident. Plaintiff moved to consolidate the two cases, but the Trial Court never heard this motion. In September 2024, the Trial Court entered an order denying Plaintiff's motion to alter or amend. Plaintiff timely appealed to this Court.

## Discussion

Plaintiff raises three lengthy issues on appeal. We restate and consolidate these into a single dispositive issue: whether the Trial Court erred in dismissing Plaintiff's complaint for insufficient service of process. Defendant raises separate issues concerning whether additional grounds for dismissal exist, namely violation of due process, insufficiency of process, and expiration of the statute of limitations.

The Trial Court granted Defendant's motion to dismiss on grounds of insufficient service of process under Tenn. R. Civ. P. 12.02(5). The applicable standard of review is *de novo*, with no presumption of correctness. *Simmons v. Strickland*, No. W2020-01562-COA-R3-CV, 2022 WL 2115250, at *3 (Tenn. Ct. App. June 13, 2022), *no appl. perm. appeal filed*.

We first address whether the Trial Court erred in dismissing Plaintiff's complaint for insufficient service of process. Plaintiff argues that the Tennessee Secretary of State was Defendant's agent, and that Plaintiff sufficiently apprised Defendant of the lawsuit against him by serving the Secretary of State. Plaintiff relies heavily on the case of *Carr v. Borchers*, 815 S.W.2d 528 (Tenn. Ct. App. 1991), in which this Court concluded: "Does service on the Secretary of State, absent requisite notice to the defendant constitute sufficient service of process to toll the running of the statute of limitations? We hold that it does." *Id*. at 532. In response, Defendant points out that *Carr* concerned the running of the statute of limitations. In addition, the defendant in *Carr* eventually was served by a private process server. *Id*. We agree that *Carr* is inapposite.

The case of *Loyd v. Littlejohn*, 639 S.W.2d 657 (Tenn. Ct. App. 1982) is more on point. In *Loyd*, a Tennessee resident sued two out-of-state defendants over a car accident. *Id*. at 658. The trial court found insufficient service of process as to one of the defendants, Andrew Littlejohn. *Id*. at 657. We affirmed this aspect of the trial court's judgment, noting that "Appellee Andrew Littlejohn, however, never picked up his letter, and there is no evidence showing that he received it." *Id*. at 658. We concluded as relevant that "[s]ervice

to Appellee Littlejohn was insufficient under T.C.A. § 20-2-205." *Id*. at 659. Reinforcing this point, in the case of *Redfern v. Fawcett*, 1988 WL 36452 (Tenn. Ct. App. April 22, 1988), we rejected an argument that service of process on a non-resident motorist was complete upon delivering the summons to the Secretary of State. We stated: "[P]laintiffs contend that under the nonresident motorist statute the Secretary of State is empowered to accept service as agent for the defendant, and that service is complete upon the filing of the certified copy of the summons and complaint with the Secretary of State. Such is not the case." *Redfern*, 1988 WL 36452, at *1.

*Loyd* and *Redfern* both align with the statutory scheme for suing non-resident motorists, which reflects that service upon the Secretary of State alone is not enough to constitute sufficient service of process to a non-resident motorist. Under Tenn. Code Ann. § 20-2-205(d), "[i]n case delivery of process so made by registered or certified mail is refused by the addressee of the process, such refusal to be evidenced by appropriate notation of such fact by the postal authorities, the refusal shall be deemed the equivalent of delivery and adequately constitutes service." Meanwhile, under Tenn. R. Civ. P. 4B(6), "[t]he refusal or failure of a defendant. . .to accept delivery of the registered or certified mail provided for in subpart (1), or the refusal or failure to sign the return receipt, shall not affect the validity of such service." Additionally, Tenn. Code Ann. § 20-2-206 requires a return receipt. If serving the Tennessee Secretary of State were sufficient to serve process on a non-resident motorist whether the motorist is personally served or not, these provisions would be pointless as would be Tenn. Code Ann. § 20-2-205(e) and Tenn. R. Civ. P. 4B(5). The General Assembly intended that for service of process to be effective, the non-resident motorist or a person authorized under statute must be personally served, subject to the caveat that a non-resident motorist may not dodge service of process by refusing or failing to accept service. Here, there is no hint that Defendant refused or failed to accept service of process.

Plaintiff acknowledges in his brief that, at the time of the attempted service of process on Defendant, the postal service had "suspended the usual signature requirement for certified and registered return-receipt mail in order to prevent the spread of Covid-19 and protect both its employees and the public." Instead, as explained in the article cited by Defendant, a postal worker would write down a notation like the one in this case. Plaintiff does not argue that Defendant signed the proof of delivery. He has argued instead that service accepted by the Secretary of State was sufficient to provide "notice reasonably calculated, under all the circumstances" to apprise Defendant of the lawsuit against him. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). We disagree. Regarding the postal worker's notation, the Court of Appeals of Ohio noted in a similar case that "[w]hen the carriers in this case marked 'Covid 19' or 'C19' on the return receipt, they assumed the role of both the deliverer and the recipient," and "we cannot see how 'Covid 19' or 'C19' constitutes a 'signature' or a receipt 'signed' by a person." *CUC*

*Properties VI, LLC v. Smartlink Ventures, Inc.*, 178 N.E.3d 556, 560 (Ohio Ct. App. 2021). We find this reasoning persuasive. The record contains no evidence that Defendant, or a person authorized to accept service on Defendant's behalf, received delivery of service of process. The postal worker's mere notation is insufficient. We therefore affirm the Trial Court's judgment dismissing Plaintiff's lawsuit for insufficient service of process. Defendant's separate issues are pretermitted as moot.

## Conclusion

The judgment of the Trial Court is affirmed. This cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, Vernon Lowe, and his surety, if any.

_____
D. MICHAEL SWINEY, CHIEF JUDGE