RAVN v. McCALLEY.

4-9149 228 S. W. 2d 61

Opinion delivered March 27, 1950.

*L. Neill Reed,* for appellant.

*J. L. Bittle,* for appellee.

MINOR W. MILLWEE, Justice.   This is a suit on a foreign judgment.   On December 2, 1947, appellants, Dorothy G. Ravn, Asger Ravn, Frances Mitchell and Ralph T. Mitchell, obtained a judgment in the Superior Court of the State of California, Riverside County, against appellee, E. W. McCalley, Sr., for personal injuries and property damage in the total sum of $10,510.

The pleadings and judgment in the California court reflect that the cause of action arose out of an automobile collision in that state on March 30, 1946, between an automobile driven by one Harry F. Lowell and a car driven by appellant, Ralph T. Mitchell and in which the other appellants were riding as guests; that the injuries and damages to appellants proximately resulted from the negligence of Lowell, who was driving the automobile with the express or implied permission of the owner, who was alleged to be either appellee, or his son, E. W. McCalley, Jr., or both. Lowell and E. W. McCalley, Jr., were also joined as party defendants in the action and personal service was obtained on them.   Appellee was served as a nonresident owner of the automobile under the provisions of § 404 of the California Vehicle Code.

On June 2, 1948, appellants filed the instant suit on the California judgment against appellee in the circuit court of Cleburne County, Arkansas, attaching to their complaint properly authenticated copies of the pleadings, proceedings and judgment of the California court.   Appellee filed a motion to dismiss alleging, among other things, that he was a resident of Arkansas at the time of the collision and that the California court did not have or acquire jurisdiction over his person for the reason that he was not the owner of the automobile at the time of the collision.

At the hearing in circuit court, appellee and his wife testified that appellee sold the car involved in the collision to their son, E. W. McCalley, Jr., before the parties moved from California to Cleburne County, Arkansas, in the lat-

ter part of February, 1946; that E. W. McCalley, Jr., was in the Navy in California and while in a naval hospital loaned the car to his friend, H. F. Lowell, who had the collision in March, 1946.

After the hearing the trial court made findings of fact and declarations of law in which he correctly found that appellee was a resident of Arkansas at the time of the collision; that appellants complied with the California nonresident motorist statute (§ 404 of the California Vehicle Code) in obtaining service on appellee; that, under the full faith and credit clause of the Federal Constitution, the California judgment was subject to collateral attack on the ground of lack of jurisdiction of the California court to render it; and that the Cleburne Circuit Court had authority to inquire into the jurisdiction of the California court.

The court further found: "The plaintiffs (appellants) in their complaint filed in the California court sought to bring the defendant (appellee) E. W. McCalley, Sr., within the terms of the Vehicle Code of that state by alleging that 'defendant E. W. McCalley, Jr., or defendant E. W. McCalley, Sr., or both of them, was the owner of the aforesaid Chevrolet automobile.' Paragraph 7. And in paragraph 6 they alleged that 'defendant Harry F. Lowell operated the aforesaid automobile at the aforementioned time and place with the express or implied permission of the owner.'

"But if the defendant E. W. McCalley, Sr., was not, as the proof shows, the owner of the car at the 'time and place,' he was not included within the terms of § 404, and no liability could attach to him.

"Furthermore, an examination of the other provisions of this section fails to show how any liability could attach to him under the circumstances shown by the proof.

"The undisputed testimony shows that he was not the owner of the car on March 30, 1946, and had not been for more than a month. Thus the allegation in the original complaint that he was the owner has failed to bring him within the terms of § 404.

"It is apparent that neither by a strict construction of the section, nor even by a liberal construction thereof, can defendant be held to be included within its terms.

"The California court did not have jurisdiction over him, its judgment against him is void and cannot be the basis of an action in this state against him  . . ." The complaint of appellants was accordingly dismissed.

The issue on this appeal is the correctness of the trial court's conclusion that appellee was not the owner of the automobile involved in the collision on March 30, 1946, within the meaning of the California statutes.  It is well settled that title to a chattel passes according to the law of the place where the chattel was located at the time of the transaction by which it is claimed the title was passed. Leflar, Conflict of Laws, § 121; Restatement, Conflict of Laws, §§ 258, 260; Beale, The Conflict of Laws, Vol. 2, p. 981; *Pruitt Truck & Implement Co.* v. *Ferguson, ante,* p. 848, 227 S. W. 2d 944.  According to the testimony of appellee, the alleged sale of the automobile to his son was made in California where the car was then located and before appellee came to Arkansas.  The question of ownership must, therefore, be determined by the law of California.

The following sections of the California Vehicle Code are pertinent.  Section 404 (a) provides: "The acceptance by a nonresident of the rights and privileges conferred upon him by this code or any use of the highways of this State as evidenced by the operation by himself or agent of a motor vehicle upon the highways of this State or in the event such nonresident is the owner of a motor vehicle then by the operation of such vehicle upon the highways of this State by any person with his express or implied permission, is equivalent to an appointment by such nonresident of the director or his successor in office to be his true and lawful attorney upon whom may be served all lawful processes in any action or proceeding against said nonresident operator or nonresident owner growing out of any accident or collision resulting from the operation of any motor vehicle upon the highways of this State by himself or agent."

Section 177 (a) provides: "Whenever the owner of a vehicle registered hereunder sells or transfers his title or interest in, and delivers the possession of, said vehicle to another, said owner shall immediately notify the department of such sale or transfer giving the date thereof, the name and address of such owner and of the transferee and such description of the vehicle as may be required in the appropriate form provided for such purpose by the department."

Section 178 provides: "An owner who has made a *bona fide* sale or transfer of a vehicle and has delivered possession thereof to a purchaser shall not by reason of any of the provisions of this code be deemed the owner of such vehicle so as to be subject to civil liability for the operation of such vehicle thereafter by another when such owner in addition to the foregoing has fulfilled either of the following requirements: (1) * * * When such owner has made proper indorsement and delivery of the certificate of ownership and delivered the certificate of registration as provided in this code. (2) * * * When such owner has delivered to the department or has placed in the United States mail, addressed to the department, either a notice as provided in § 177 or appropriate documents for registration of such vehicle pursuant to such sale or transfer."

Section 402 (a) provides: "Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages."

Section 186 of the Vehicle Code further provides that no title to a vehicle registered thereunder shall pass until the parties to the attempted transfer shall fulfill the requirements of §§ 177 and 178, *supra*. The California proceedings show, and appellee admitted at the hearing in circuit court, that at the time of the collision there had been no transfer of the certificate of title of the automo-

bile from appellee to his son as required by the California code.

In construing the foregoing sections of the Vehicle Code, the courts of California have repeatedly held that an owner of an automobile, who delivers possession of the car to a vendee without complying with the requirements of §§ 177 and 178, cannot escape liability under § 402 by claiming that he is no longer the owner of the vehicle. *Votaw* v. *Farmers Automobile Inter-Insurance Exchange,* 15 Cal. 2d 24, 97 Pac. 2d 958, 126 A. L. R. 538; *Gutknecht* v. *Johnson,* 62 Cal. App. 2d 315, 144 Pac. 2d 854; *Leplat* v. *Raley Wiles Auto Sales,* 62·Cal. App. 2d 628, 145 Pac. 2d 350. One of the recent decisions on the question is that of *Weinberg* v. *Whitebone,* 87 Cal. 2d 319, 196 Pac. 2d 963, where the court held (Headnote 4) : ''Owner, having made *bona fide* delivery of possession of motor vehicle to buyer, is not relieved from civil liability for operation of vehicle by buyer or buyer's agent until owner has made proper endorsement and delivery of certificate of ownership in accordance with provisions of vehicle code, or has delivered or mailed to Motor Vehicle Department immediate written notice of transfer or appropriate documents for registration of vehicle pursuant to transfer.''

Under California law, if such owner entrusts the car to another, he invests him with the same authority to select an operator which the owner has in the first instance. Hence, such owner is liable, if his permittee consents to the operation of the car by another whose negligence causes the damage. *Haggard* v. *Frick,* 6 Cal. App. 2d 392, 44 Pac. 2d 447; *Souza* v. *Corti,* 22 Cal. 2d 454, 139 Pac. 2d 645, 147 A. L. R. 861.

Thus, it is clear from a consideration of the California Vehicle Code as construed by the California courts that where the transferor, or vendor, of an automobile has not complied with the statute relating to endorsement of the certificate of ownership and giving notice of transfer, he is deemed the owner and can be sued and held liable for damages resulting from the negligence of the operation of the car by the vendee, or permittee.

It is undisputed that appellee received a copy of the complaint and summons in the California suit by registered mail in due time and prior to rendition of the judgment against him in accordance with the terms of § 404, *supra*. Acts similar to the California substituted service statute, and containing provisions which make it reasonably probable that notice will be communicated to the person to be served, have been held constitutional in many cases. *Hess* v. *Pawloski,* 274 U. S. 352, 47 S. Ct. 632, 71 L. Ed. 1091; *Wuchter* v. *Pizzutti,* 276 U. S. 13, 48 S. Ct. 259, 72 L. Ed. 446, 57 A. L. R. 1230. See, also, Anno., 35 A. L. R. 951, 82 A. L. R. 768, 88 A. L. R. 170.

Since, under California law, appellee was deemed the owner of the car at the time of the collision out of which the action arose, the California court was not without jurisdiction and there is no charge of fraud in the procurement of the judgment. Under Art. 4, § 1 of the Federal Constitution the courts of this state are required to give full faith and credit to the California judgment, which is conclusive here on collateral attack. *Motsinger* v. *Walker,* 205 Ark. 236, 168 S. W. 2d 385, and cases there cited.

The judgment of the circuit court is accordingly reversed and the cause remanded with directions to enter judgments for appellants.