GARLAND H. LEGGETT, Administrator of the Estate of LINDA CAROL LEGGETT, Deceased,

*v.*

LLOYD HARRIS CROSSNOE and MARY FRANCES CROSSNOE.

(*Jackson,* April Term, 1960.)

Opinion filed May 4, 1960.

LLOYD S. ADAMS, JR., ADAMS & ADAMS, Humboldt, for plaintiff in error.

PIERCE WINNINGHAM, JR., Jackson, for defendants in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

This is a tort action wherein the sustaining of the plea in abatement on stipulated facts resulted in the dismissal of the suit and this appeal in error by the original plaintiff.

On July 17, 1958, Thomas N. Crossnoe, seventeen years of age, while driving an automobile belonging to Mrs. Billy Laman, who was not in the car, on a public highway in Crockett County, ran down, and killed, twelve year old Linda Carol Leggett. Her administrator instituted this suit in the Crockett County Circuit Court on November 7, 1958 against Thomas N. Crossnoe, the driver, and Mrs. Billy Laman, the owner. Personal service of process was had upon these two that day in Crockett County.

By Section 59-704, T.C.A. 1959 Code Supplement, a person under the age of eighteen years may be issued a license to drive an automobile on Tennessee highways only on condition that the minor's parents, or one of them, if there be such, join with the minor in signing the minor's application for a driver's license. This statute provides that such parent shall under conditions stated in the statute, and hereinafter discussed, be liable for damage caused by the negligence of such minor in the operation of the car.

Lloyd Harris Crossnoe and Mary Frances Crossnoe, the parents of the minor, Thomas N. Crossnoe, signed their son's application as required by the foregoing code section.

At the time of the institution of this suit, November 7, 1958, these parents were residents of Kentucky. On that

day, it being the same day that summons was issued and served on the minor and Mrs. Laman, separate summons was issued for each of these parents. Each was served with process through the Secretary of State in the manner provided by Section 20-224, T.C.A. 1959 Code Supplement, for service of process upon non-residents in tort actions resulting from the operation of an automobile on Tennessee highways. This summons so served on each parent was returned by the Secretary of State to the Crockett County Circuit Court on November 14, 1958.

On December 23, 1958 the plaintiff learned that these parents were that day in Crockett County. He thereupon caused summons, styled "alias" in this suit, to issue for each of them. Such summons was personally served on each parent that day in that County.

On January 12, 1959, Mr. and Mrs. Crossnoe plead in abatement that (1) their act of joining in their minor son's application for a Tennessee driver's license, as required by the aforesaid statute (59-704), did not bring them within the class of non-residents of Tennessee who might be served with process through the Secretary of State in Tennessee tort actions based on the operation of motor vehicles on a Tennessee highway; and (2) that the so-called "alias" process subsequently issued and served on them in Crockett County was void in that there was no basis for the issuance of an "alias" because there had been no issuance of an original summons for personal service in Crockett County on these parents.

Prior to the time of the accident in which Thomas, the minor, drove this car against and killed this girl, to wit, July 17, 1958, he, Thomas, was the owner of an auto-

mobile other than the one involved in this accident and had, prior to that accident, acquired in his own name a public liability insurance policy issued by the Farmers Mutual Insurance Company. On September 22, 1958, which was after the date of the accident, but prior to the institution of this suit, this Insurance Company filed with the Department of Safety of Tennessee the form required by the State. Therein it acknowledged liability coverage for this minor "with respect to the accident which is the basis of this suit".

The third and last ground of the parents' plea in abatement was that the liability imposed by Section 59-704, T.C.A. Supplement, on these parents by reason of joining in their son's application for a driver's license was, under a proper construction of Section 59-704, T.C.A. Supplement, rendered ineffective and no longer binding upon these parents; that this was because of the existence of the aforesaid proof of financial responsibility of the minor with respect to his liability to respond within the requirement of the financial responsibility statute to payment of adjudged damages resulting from the accident in which this child was killed; that upon there coming into being of such fact the financial obligation placed upon these parents by Section 59-704 was terminated.

The Judge sustained the first two grounds of the plea in abatement and pretermitted the question raised by its third ground. Accordingly, he dismissed the suit as to the parents of the minor, with the administrator saving exceptions. Thereafter the administrator dismissed his suit as to Mrs. Laman, the owner of the car involved, and took a voluntary non-suit as to Thomas, the minor. The

result was that the order abating and dismissing the suit as to the parents then became a final judgment from which the plaintiff administrator was allowed this appeal after his motion for a new trial was overruled. He assigns as errors the action of the Court in sustaining either of the first two grounds of the plea and in pretermitting a ruling upon the third ground.

Since the merits of this case must turn upon the construction of our statutes, little assistance is to be had from decisions of other States as to the construction of their statutes.

The non-residence service of process statute through the Secretary of State provides, in so far as pertinent to the instant case, that ''any nonresident * * * who shall * * * procure the use of a motor vehicle licensed under the laws of this state * * * to operate such vehicle on highway or highways within the state, shall be deemed thereby to constitute'' our Secretary of State his agent for acceptance of service of process when made a defendant to a suit properly instituted in Tennessee. Section 20-224, T.C.A. Supplement.

Thomas, the minor here, could not have lawfully operated this automobile on this occasion over a Tennessee highway without a driver's license. He could not have been legally issued such a license except for the fact that one, or both, of his parents joined in his application for the license, as witnessed by their signatures thereon. Their joining in the application was a sine qua non of his obtaining that license. This Court is, therefore, of the opinion that these parents, within the fair and natural intent of Section 20-224, T.C.A., did procure for their son the privilege of driving on this occasion over the

Tennessee highway the automobile in question. That is, these non-resident parents, within the normal sense of this statute, "procured" the operation of this automobile on this Tennessee highway on the occasion here in question.

■ Section 59-704, T.C.A., imposed, under the conditions there stated, liability for damages upon these parents joining in his application when such damages were adjudged the result of their son's negligence in driving the automobile over a Tennessee highway. The purpose of the non-resident service of process statute, Section 20-224, T.C.A., is to better enable enforcement in Tennessee Courts of civil remedies available against those liable by reason of damages resulting from the negligent operation of a motor vehicle over the Tennessee highways. *Ellis v. Georgia Marble Co.,* 191 Tenn. 229, 236, 232 S.W.2d 45.

Inasmuch as Section 59-705, T.C.A., imposes liability upon these parents under the conditions stated, and inasmuch as Section 20-224, T.C.A., was intended to better afford in Tennessee Courts the enforcement of civil remedies to injured parties against non-residents who might be liable under Tennessee law for those injuries, it would amount to no less than attributing to our Legislature an intent to arbitrarily exclude from the operation of the non-resident service of process statute those made liable for such injuries by Section 59-704, T.C.A. The language of the non-resident service of process statute (20-224 T.C.A.) does not indicate such an inconsistent intent upon the part of the Legislature. Hence, under the normal construction of the language of this non-resident statute, particularly when considered in the light

of the obvious intent of the Legislature, it must be held that this non-resident statute embraces those who are made liable by Section 59-704, T.C.A., under the conditions there stated for negligence in the operation of motor vehicles on Tennessee highways. This Court concludes, therefore, that the service of process upon these parents under the aforesaid non-resident service of process statute was effective to bring them into Court as party defendants.

■ The conclusion just stated eliminates any necessity for considering whether the subsequent personal service of process styled "alias" was or was not effective to bring these parents into Court in this suit. But since they were already effectively in Court it did, and does, become necessary to determine whether proof deposited with the Department of Safety of financial responsibility of this minor son in the form required by the statute "with respect to the accident which is the basis of this suit" relieves these parents of liability for the results of this accident otherwise imposed by Section 59-704, T.C.A. Code Supplement. The administrator insists that it does not.

The administrator bases his foregoing insistence solely upon the proposition that such proof was not filed with the Department of Safety at the time this accident occurred, though its existence at that time is an admitted fact, and the admitted proof of such existence was a matter of public record before this suit was instituted.

The obvious purpose of Section 59-704, T.C.A., was to make the parents signing the application of their minor son for a license liable for such damages when there was otherwise no proof of the character required by the state

of financial responsibility upon the part of the minor son for the damages "with respect to the operation of any motor vehicle" by the son under the aforesaid operator's license.

This statute expressly provides that "while (meaning so long as) such proof is maintained the * * * parent * * * shall not be subject to the liability imposed under the preceding paragraph of this section". Such other proof was in existence at the time of the accident and such proof was of public record at the time of the institution of this suit. This Court is, therefore, of the opinion, and so concludes, that under the stipulation in this case these parents are not liable under Section 59-704, T.C.A. Supplement, for the results of this accident. The full purpose of the statute was accomplished when there was in fact in existence financial responsibility of the minor for this accident, aside from the parents, at the time of its happening and proof thereof of public record before the institution of the suit. It would be artificial, unnatural and inequitable to so construe the statute as to hold that the Legislature intended to provide that the claimant "have his cake and eat it too."

By sustaining the third ground of these parents' plea in abatement, this Court concurs in the results reached by the Trial Court. Accordingly, its judgment dismissing the suit as to these parents is affirmed with costs divided between the plaintiff and defendant parents.