244

Travelers Insurance Company, Plaintiff-in-Error,

*v.*

Fidelity & Casualty Company of New York,
Defendant-in-Error.

409 S.W.2d 175.

(*Nashville,* December Term, 1965.)

Opinion filed November 14, 1966.

RUSSELL G. LAZENBY, JR., Nashville, for plaintiff in error, of counsel, GLASGOW & ADAMS, Nashville.

H. T. FINLEY and PARKER, ROBINSON & CHRISTIAN, Nashville, for defendant in error.

MR. JUSTICE CHATTIN delivered the opinion of the Court.

This appeal is from the action of the trial judge in sustaining a demurrer to the declaration of plaintiff-in-error, Travelers Insurance Company, against the defendant, Fidelity & Casualty Company of New York.

We quote the pertinent parts of the declaration, as follows:

"2. On or about October 21, 1964, Travelers Insurance Company was the Workmen's Compensation

insurer of Anderson and Gore Construction Company. Fidelity and Casualty Insurance Company of New York was the Workmen's Compensation insurer of Ira Hoffman Company.

"3. On said date Anderson and Gore Construction Company was the general contractor on construction of a building at 20th Avenue and Grand Street known as the 'Methodist General Board of Evangelism' job in Nashville, Tennessee. Ira Hoffman Company was a sub-contractor on said job for the brick work.

"4. On said date Anderson and Gore Construction Company was the general employer of Crockett Eugene Bryant.

"5. On or about said date, Crockett Eugene Bryant, was a special employee of Ira Hoffman Company, having been loaned to said Company by Anderson and Gore Construction Company.

"6. On or about said date, Crockett Eugene Bryant, while in the course of his special employment by said Ira Hoffman Company and while engaged in the dismantling of a scaffold and while under the direction and control of said Ira Hoffman Company sustained an injury when said scaffold collapsed.

"7. As the result of being the general employer of Crockett Eugene Bryant, Anderson and Gore Construction Company was required by law to and did, through its insurer, the plaintiff, provide said employee benefits under the Tennessee Workmen's Compensation Law.

"8. Travelers Insurance Company made a demand upon Fidelity and Casualty Insurance Company and

on or about February 24, 1965, the defendant refused to accept liability for Workmen's Compensation payments to Crockett Eugene Bryant contending that he was not a loaned employee of Ira Hoffman Company.

"9. Travelers Insurance Company alleges that Workmen's Compensation benefits were paid to or on behalf of Crockett Eugene Bryant as follows:

| | |
|---|---|
| Temporary Total Disability | $ 200.57 |
| Medical Treatment | 838.49 |
| Permanent Partial Disability | 2,819.15 |
| Attorney's Fees for Court settlement | 50.00 |
| Court Costs | 10.00 |
| Total | $3,918.21 |

"10. Travelers Insurance Company alleges that its insured, Anderson and Gore Construction Company, loaned said employee to Ira Hoffman Company; that the work being done at the time of injury was that of Ira Hoffman Company and said Company had the right to control details of the work being performed by Crockett Eugene Bryant.

"11. Travelers Insurance Company alleges that Ira Hoffman Company was exclusively liable for payment of Workmen's Compensation benefits to said Crockett Eugene Bryant and that the defendant is legally liable to plaintiff."

The declaration was filed on March 31, 1966. Summons was issued on the same day and served upon the Commissioner of Insurance and Banking.

The single ground of the demurrer is that the declaration shows on its face the injury to Bryant occurred on October 21, 1964; and, therefore, plaintiff's cause of

action arose more than one year before the suit was brought.

Travelers has appealed to this Court and assigned as error the action of the trial judge in sustaining the demurrer.

It is the insistence of Travelers the suit is for indemnity or contribution; and, therefore, the statute of six years, T.C.A. Section 28-309, applies.

On the other hand, Fidelity insists the suit is one for subrogation; and, therefore, the one year statute of limitation, T.C.A. Section 50-1003, for recovery of compensation under the Workmen's Compensation Act applies.

T.C.A. Section 50 915, insofar as pertinent here, reads:

"A principal, or intermediate contractor, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors and engaged upon the subject matter of the contract to the same extent as the immediate employer."

T.C.A. Section 20-109 provides:

"Persons jointly or severally or jointly and severally bound on the same instrument, or by judgment, decree, or statute, including the makers and endorsers of negotiable paper and sureties, may all or any part of them be sued in the same action."

In considering the above Code Sections, this Court in the case of *Reynolds & Company v. McKnight,* 177 Tenn. 28, 148 S.W.2d 357 (1941) said:

"The principal contractor and the subordinate contractors being by the statute made liable, 'to the same

extent' as immediate employer, they are jointly, or jointly and severally, liable, and under Code Section 8611 (now T.C.A. Section 20-109) all of them may be sued in the same action.''

■ The Workmen's Compensation Act does not determine, as between contractors and subcontractors, who is primarily liable as that determination must be made on equitable principles. *Tayloe Paper Company v. W. F. Jameson Const. Co.*, 211 Tenn. 232, 364 S.W.2d 882 (1963).

In the case of *Tayloe Paper Company v. W. F. Jameson Const. Co.*, supra, the Memphis Park Commission entered into a contract with W. F. Jameson Construction Company for the construction of a community center and swimming pool. Jameson then entered into a contract with Tayloe for the installation of basketball backstops in the community center. Tayloe entered into a contract with A. G. Murrell for the installation of the backstops. Wells, an employee of Murrell, was injured while engaged in work under this contract. Murrell did not employ five employees and was not liable under the Workmen's Compensation Act.

Wells brought suit against Jameson and Tayloe and recovered compensation. An execution was issued and Tayloe paid the entire judgment. Tayloe, the subcontractor, then filed suit against Jameson, the general contractor, for contribution.

The Chancellor entered judgment against Jameson, the general contractor, for one-half of the amount paid by Tayloe, the subcontractor.

Jameson appealed to this Court. In an opinion by Chief Justice Burnett the Court reversed the Chancellor and dismissed the suit.

In reaching this conclusion, it was reasoned that Murrell, the immediate employer of Wells, was primarily liable, but when he did not pay and Tayloe, the sub-contractor, did, Tayloe then would have an action against Murrell, the immediate employer, for contribution but not against Jameson, the general contractor.

In the course of the opinion in the Jamison case it was said:

"Under the contract as shown by stipulation in this record there is no agreement whereby the general contractor agreed to pay things of the kind for the sub-contractor, nor is it shown that there is any such thing between Murrell, the immediate contractor, and the sub-contractor. But on general principles and equity and right each of these parties should be primarily liable to those immediately under them and there would be no reason or right to say that the one above is liable to the one below. Neither is there any justification for saying that these two people, that is the sub-contractor and the general contractor, should contribute towards the payment of what is the ultimate liability of the immediate employer. The statute does not so make it and under the principles, so to speak the stairsteps of how each one is supposed to look after and take care of those under him the stairs do not work up the other way. If an employee of Tayloe had been injured and Tayloe had not been able to pay this obligation under our statute here in question then Jameson, the general contractor, would have paid and had a right of action back against the sub-contractor

to collect this, just as the sub-contractor, Tayloe here, has right of action back against Murrell, that is, to those below him, not to those above him. There is no proper construction, as we see it, to say that they can force contribution from those above because there is no equitable or contractual rights for such an action.

"It seems to us, what we have been trying to say in a little bit different manner, that since Jameson, the general contractor, in the first place had a primary duty upon him in employing sub-contractors to see that they were good and insured and would take care of their employees, and then in turn this same obligation would fall on the sub-contractor to see that the ones that they employed as sub-contractors under them to do equally right in protecting their employees, and thus this would place the sub-contractor in the instant case liable before the general contractor would be liable, that is, as between the contractors in an action of the kind here. Of course, as far as the injured workman is concerned the Act is for his benefit and it doesn't affect the rights as between parties like those we have herein."

In the case at bar, the declaration alleges that Anderson and Gore, the general contractor, was the general employer of Bryant, the injured employee, and had been loaned to Hoffman, the sub-contractor; and that on the occasion of his injury he was under the direction and control of Hoffman.

■ Whether Travelers or Fidelity was primarily liable to Bryant for Workmen's Compensation benefits under the allegations of the declaration is a question of fact.

In other words, whether Bryant should be regarded as a loaned employee in the service of Hoffman, or whether he should be regarded as remaining in the service of Anderson and Gore, as regards compensation, depends upon in whose work he was engaged at the time of his injury. *Owen v. St. Louis Spring Company*, 175 Tenn. 543, 136 S.W.2d 498 (1940).

■ Thus, we think the declaration alleges a cause of action for indemnity or contribution against Fidelity.

Consequently, we are of the opinion that the statute of limitations of one year relied upon by Fidelity does not apply; but that our statute of limitations of six years, as insisted by Travelers, does apply.

It results the judgment of the trial court in sustaining the demurrer is reversed and the cause remanded. Fidelity will pay the costs of the appeal. The costs below will await the final outcome in that court.

BURNETT, CHIEF JUSTICE, DYER and CRESON, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.