**BANKERS FIRE AND MARINE
INSURANCE COMPANY**

v.

**Andy SAMPLEY and Ruth A. Sampley.**

**Civ. A. No. 5313.**

United States District Court
E. D. Tennessee, S. D.

Dec. 4, 1968

Cunningham, Crutchfield & Luther, Chattanooga, Tenn., for plaintiff.

Jack Hargraves, Hargraves & Curtis, Chattanooga, Tenn., for defendants.

## MEMORANDUM

FRANK W. WILSON, District Judge.

This is an action wherein the plaintiff, Bankers Fire & Marine Insurance Company, having made payment under an Uninsured Motorist Clause in an Automobile Liability Insurance Policy to parties injured in an automobile accident, now seeks to recover the amount of such payments from the defendants, who are the parents of the tort-feasor. The case is before the Court upon motion for summary judgment filed on behalf of the defendants, Mr. and Mrs. Sampley. The

motion for summary judgment is accompanied by an affidavit of the defendants, and by certain exhibits. The plaintiff's brief in opposition to the motion likewise has certain documents attached thereto as exhibits one such exhibit being a copy of a judgment in a related state court case and the other being a copy of a certificate executed by the defendants in support of the Tennessee driver's license application of their son, Michael Sampley. These exhibits will be considered as filed in response to the defendants' motion for summary judgment.

From the undisputed allegations in the pleadings and from the exhibits filed in support of and in opposition to the motion for summary judgment, the following matters appear undisputed in the record.

On January 21, 1965, an automobile accident occurred. Involved in the accident was an automobile owned and operated by Alvin G. Wallin and an automobile operated by Michael Sampley. Michael Sampley is the son of the defendants herein, Mr. and Mrs. Andy Sampley, and at the time of the accident he was 17 years of age. Riding as a guest in the automobile driven by Alvin G. Wallin was Johnny Wallin. Both Alvin G. Wallin and Johnny Wallin received personal injuries in the accident and brought a lawsuit in this court against Michael Sampley seeking to recover for such injuries. Mr. and Mrs. Sampley, the defendants in the present action, were not made parties to that tort action. The tort action resulted in Johnny Wallin recovering a judgment in the sum of $5,000 against Michael Sampley for personal injuries sustained in the accident and resulted in Alvin G. Wallin recovering a judgment against Michael Sampley in the sum of $10,400 for personal injuries and in the sum of $600.00 for property damage sustained in the accident. At the time of the accident, Alvin G. Wallin was the named insured in an Automobile Liability Insurance Policy issued by the plaintiff herein, Bankers Fire & Marine Insurance Company. This policy contained, as one of its provisions, a clause entitled "Protection Against Uninsured Motorists". By the terms of this clause Bankers Fire & Marine Insurance Company agreed to pay unto the insureds under the policy "all sums which the insured * * * shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile," subject to certain conditions and limitations not here relevant (Exhibit C to Defendants' Motion, p. 5).

Payment in the amount of the aforesaid personal injury judgments, plus accrued interest, was made by Bankers Fire & Marine Insurance Company to Alvin G. Wallin and Johnny Wallin under the uninsured motorist coverage of its policy, but only after its liability unto the Wallins had been adjudicated in a state court action (Exhibit 1 to Defendants' Brief). As adjudicated in that state court action, Michael Sampley was an uninsured motorist at the time of his collision with the Wallin automobile. In fact, Michael Sampley was driving a stolen automobile at that time, the automobile belonging to a Mrs. Ruby Hayes. Mr. and Mrs. Andy Sampley, the parents of Michael Sampley, were insured at the time of the accident under a policy issued by Beacon Mutual Indemnity Company (Exhibit 1 to Defendants' Motion), but as likewise adjudicated in the state court action, coverage under the Beacon policy did not extend to Michael Sampley while driving a stolen automobile.

Bankers Fire & Marine Insurance Company now seeks to recover of Mr. and Mrs. Sampley the amount it has paid unto Alvin G. Wallin and Johnny Wallin under the above stated circumstances. It asserts standing to do so under a provision in its policy which provides in relevant part as follows:

"Trust Agreement: In the event of payment to any person under this part: * * *

(b) Such person shall hold in trust for the benefit of the Company all rights of recovery which he shall have against such other person or organization because of the damages which

are the subject of claim made under this part."

It asserts liability on the part of Mr. and Mrs. Sampley upon the basis of an agreement made by them in connection with the issuance of a driver's license unto their son, Michael Sampley. In accordance with the requirements for the issuance of a driver's license to a person under 18 years of age, all as set forth in T.C.A. § 59–704(c) and (d), Mr. and Mrs. Andy Sampley, signed and filed with the State of Tennessee an agreement in the following terms:

STATE OF TENNESSEE
COUNTY OF HAMILTON

I/we Andy Sampley make oath in due form of law that I/we are/am the Father of Michael Sampley whose date of birth is 10/13/47 and that I/we hereby join in the application of said applicant for a Tennessee driver's license. For and in consideration of the issuance of said license by the Tennessee Department of Safety, I/we hereby accept all of the responsibilities and obligations imposed under the provisions of Chapter 114, Public Acts of 1955, upon me/us as the parent/guardian of said applicant who is a person under the age of eighteen (18) years and fully understand and agree that any negligence or wilful misconduct of the said applicant while operating a motor vehicle prior to his/her eighteenth (18th) birthday shall be imputed to us/me and that we/I shall be jointly and severally liable with said applicant for any damages caused by his/her negligence or wilful misconduct while operating a motor vehicle.

| s/ Andy (No. M. Name) Sampley | 31882c | Father |
|---|---|---|
| Full First, Middle and Last- | Dr. Lic. No. | Relationship |
| s/ Ruth Augusta Sampley | none | Mother |
| Full First, Middle and Last- | Dr. Lic. No. | Relationship |
| Isbille Road, Rt. #8, Chattanooga 9, Tennessee | | |

Address

Sworn to and subscribed before me this 11 day of July 1964.

NOTARY PUBLIC   s/L. T. McCullough

My commission expires 9 day of April, 1967.

(Exhibit 2 to Plaintiff's Brief)

---

The present lawsuit was filed upon July 2, 1968, more than three years subsequent to the accident between the vehicles driven by Alvin Wallin and Michael Sampley.

The foregoing matters appear undisputed in the record. They are either admitted in the pleadings or undisputed in the exhibits filed in support of or in opposition to the defendants' motion for summary judgment.

Upon this state of the record the defendants make the following two contentions in their motion for summary judgment: (1) that the applicable statute of limitations governing the filing of this action is one year and that the lawsuit is accordingly barred; and (2) that at the time of the accident the defendants herein, Mr. and Mrs. Sampley, had been relieved of any liability for the tort of their son, Michael Sampley, by having satisfied the financial responsibility requirements of T.C.A. § 59–704(e). Further amplifying the defendants' contentions, it is the position of the defendants that their only liability for the negligence of their son, Michael Sampley, in con-

nection with the automobile accident which forms the basis of this lawsuit was an imputed tort liability imposed upon them in accordance with the Tennessee Driver's License Law, T.C.A. § 59–704 (d), and in accordance with their agreement to accept such imputed tort liability, which agreement was made pursuant to the provisions of the said Driver's License Law. The defendants' liability being one sounding in tort, it is contended that the plaintiff's claims in this lawsuit are barred by the one year Tennessee Statute of Limitations applicable to personal tort injury actions (T.C.A. § 28–304). Furthermore, the defendants contend that the evidence is undisputed that financial responsibility had been established in accordance with the terms of T.C.A. § 59–704(e) at the time of the accident and that in accordance with the express provisions of T.C.A. § 59–704(e), they were therefore relieved of any imputed tort liability for the negligence of their son, Michael Sampley, in connection with the subject accident.

In response to the defendants' motion for summary judgment, it is the position of the plaintiff that the agreement of the defendants to be responsible for the negligence of their son was a contractual agreement in the nature of an indemnity or surety agreement, and that the applicable statute of limitations would accordingly be the six-year Tennessee Statute of Limitations applicable to contract actions (T.C.A. § 28–309) and not the one-year Tennessee Statute of Limitations applicable to tort actions (T.C.A. § 28–304). It is the further contention of the plaintiff that the undisputed evidence shows that financial responsibility was not established on the part of Michael Sampley as provided in T.C.A. § 59–704 (e) and that defendants accordingly were not relieved of their liability for their son's negligence under the provisions of that statute.

Since the basis of asserting liability on the part of the defendants arises out of an agreement executed by them pursuant to T.C.A. § 59–704, relating to the licensing of minors to operate automobiles, a resolution of the issues raised in the present motion must depend in large measure upon the provisions of T.C.A. § 59–704. The relevant portions of that statute provide as follows:

[c] The application of any person under the age of eighteen (18) years for an instruction permit or operator's license shall be signed and verified before a person authorized to administer oaths by the father, mother or guardian, or, in the event there is no parent or guardian, then by another responsible adult who is willing to assume the obligation imposed under this chapter upon a person signing the application of a minor. If, in the event the applicant for a driver's license is a female and married, her husband may sign and verify the application provided such husband is a person capable of legally entering into contractual relationships.

(d) Any negligence or willful misconduct or violation of any motor vehicle law of this state or any municipality thereof by a minor under the age of eighteen (18) years when driving a motor vehicle upon a highway or street shall be imputed to the person who has signed the application of such minor for a permit or license, which person shall be jointly and severally liable with such minor for any damages or fines occasioned by such negligence, willful misconduct, or violation, except as otherwise provided in the next succeeding paragraph.

(e) In the event a minor deposits or there is deposited upon his behalf proof of financial responsibility in respect to the operation of a motor vehicle owned by him, or if not the owner of a motor vehicle, then with respect to the operation of any motor vehicle, in form and in amounts as required under the motor vehicle financial responsibility laws of this state, then the department may accept the application of such minor when signed by the husband over twenty-one (21) years of age, or one (1) parent or guardian of such minor, and while *such proof is*

maintained the husband, parent or guardian shall not be subject to the liability imposed under the preceding paragraph of this section.

█ Taking up first the defendants' contention that they would be relieved of any liability unto the plaintiff by reason of the financial responsibility requirements of T.C.A. § 59–704(e) having been satisfied, the Court is of the opinion that this contention is without merit. While it does appear undisputed that the defendants, Mr. and Mrs. Sampley, may themselves have been insured under an automobile liability insurance policy issued by the Beacon Mutual Indemnity Company, which policy would satisfy the financial responsibility requirements of the Tennessee law, the evidence is undisputed that financial responsibility has not been established in accordance with T.C.A. § 59–704(e) on the part of Michael Sampley as of the time of the accident.

The financial responsibility required to be established under T.C.A. § 59–704 (e) is financial responsibility on the part of the minor, Michael Sampley, before his parents would be relieved of liability for his negligence under that statute. It is not proof of financial responsibility on the part of the parents that is required, but proof of financial responsibility on the part of the minor that forms the condition precedent to the release of the parents from their responsibility for the minor's negligence in the operation of a motor vehicle. Proof of financial responsibility on the part of the parents, by virtue of their having been insured under the Beacon Mutual automobile liability insurance policy issued to the defendant, Andy Sampley, as the named insured does not satisfy the requirements of T.C.A. § 59–704(e) so as to relieve the parents of liability for the negligence of their minor son, Michael Sampley. The clear and unambiguous statutory language is that "in the event a minor deposits, or there is deposited on his behalf, proof of financial responsibility * * * with respect to the operation of any motor vehicle," then and only then would the

parents be relieved of their statutory responsibility for the minor's negligence. In this regard see Leggett v. Crossnoe, (1960) 206 Tenn. 700, 336 S.W.2d 1.

█ Turning next to the defendants' contention that this action sounds in tort and is therefore barred by the Tennessee One-Year Statute of Limitations applicable to tort actions for personal injuries, the Court is of the opinion that the defendants are entitled to have their motion for summary judgment sustained upon this ground. (A portion of the plaintiff's claim, in the amount of $600.00, is for property damages, upon which the Tennessee Statute of Limitations is three years [T.C.A. § 28–305], but the evidence is undisputed that this lawsuit was instituted more than three years after the date of the accident.) The statute under which liability is sought to be imposed on the defendants is clearly worded in terms of imputing the minor's negligence unto the parents and not in terms of imposing upon the parents an obligation or contract to indemnify anyone. As stated in T.C.A. § 59–704(d), "any negligence * * * by a minor under the age of 18 * * * shall be imputed to the person who has signed the application of such minor for a permit or license, which person shall be jointly and severally liable with such minor for any damages * * occasioned by such negligence, * * *."

The agreement executed by the parents in connection with their son's license application, and as set forth in full in an earlier portion of this opinion, is worded in almost identical terms with the statute (Exhibit 2, Plaintiff's Brief). This agreement is not an agreement to act as surety, nor is it an agreement to indemnify any one or satisfy any judgment rendered against the son. Rather, it is an agreement that the son's negligence shall be "imputed" to the parents and that the parents shall be jointly and severally liable "with such minor" for damages caused by his negligence. The agreement no more creates a contract of indemnity than does an employment contract create an obligation on the part of the employer to indemnify any party in-

528

jured by the negligence of an employee. The employment agreement, by operation of law, imputes the employee's negligence unto the employer. The parents' agreement here involved, by its express terms, imputes the son's negligence to the parents.

█ In opposing the defendants' claim that this action is barred by the Tennessee Statute of Limitations, the plaintiff makes the contention that its cause of action arose not as of the date of the automobile accident, but rather as of the date it acquired its "subrogation" rights under its policy with the Wallins. Upon reflection the fallacy of this argument is readily apparent. The plaintiff's rights, as against the defendants, are of course derivative, the plaintiff having only such rights as it acquired from the injured parties, the Wallins, under the terms of the trust agreement provision of its insurance policy. It is clear that the Wallins' right to recover of Mr. and Mrs. Sampley arose as of the date of the accident. The plaintiff's rights against Mr. and Mrs. Sampley, being wholly derivative, likewise arose as of the date of the accident.

As authority for its contention that the defendants are obligated unto the plaintiff under a contract of indemnity or under a surety agreement, to which the six-year statute of limitations would be applicable, the plaintiff cities the cases of Williams v. McElhaney, (1957) 203 Tenn. 602, 315 S.W.2d 106, and Travelers Insurance Co. v. Fidelity & Casualty Co. of New York, (1966) 219 Tenn. 244, 409 S.W.2d 175. These cases are clearly distinguishable upon their facts. In the *Williams* case the plaintiff alleged in his complaint that following an injury inflicted upon him by a fellow employee, the defendant, his employer, agreed that he would pay any judgment that the plaintiff might obtain against the fellow employee. Upon demurrer, the Court held that this constituted a sufficient allegation of a contract of indemnity so as to entitle the plaintiff to rely upon the Tennessee Statute of Limitations of six years applicable to contract actions. The *Travelers Insurance Co.* case was an action by a general contractor seeking to recover from a subcontractor the amount of workman's compensation benefits paid unto an injured employee of the subcontractor. The case went off on the proposition that the plaintiff, being secondarily liable, was entitled to indemnity from the subcontractor, who was primarily liable, and that therefore the statute of limitations applicable to contract actions would apply. Neither of these cases involved factual situations in any wise similar to the undisputed facts in the present case.

An order will enter sustaining the defendants' motion for summary judgment and dismissing this lawsuit.