**BANKERS FIRE & MARINE INSUR-ANCE CO., Plaintiff-Appellant,**

v.

**Andy SAMPLEY and Ruth A. Sampley, Defendants-Appellees.**

**No. 19361.**

United States Court of Appeals
Sixth Circuit.

Jan. 5, 1970.

Samuel Richard Anderson, Chattanooga, Tenn., Cunningham, Crutchfield & Luther, Chattanooga, Tenn., on brief, for appellant.

John C. Curtis, Chattanooga, Tenn., Hargraves & Curtis, Chattanooga, Tenn., on brief, for appellees.

Before PHILLIPS, Chief Judge, and BROOKS * and MACHROWICZ,** District Judges.

PHILLIPS, Chief Judge.

The appellant insurance company made payment under the uninsured motorist provision of an automobile liability insurance policy. The company was the insurer of an automobile owned by one Wallin which was involved in an accident on January 25, 1965, with an automobile driven by Michael Sampley, the minor son of the defendants-appellees. The automobile operated by Sampley was not owned by his parents and was not being used on their business or for a family purpose at the time of the accident.

A judgment was obtained against young Sampley in a State court but was not satisfied by him or by his parents. The insurance company paid the judgment under the uninsured motorist clause of its policy with Wallin.

This action was filed July 2, 1968, by the insurance company against the parents of Sampley to recover the amount of its payment on account of the tort of their minor son.

In an opinion published at 304 F.Supp. 523, District Judge Frank W. Wilson dismissed the action as barred by the Tennessee one-year statute of limitations relating to torts.[1]

The insurance company, which did not file the present suit until more than three years after the accident, contends that the controlling statute of limitations is T.C.A. § 28–309,[2] which prescribes a limitation of six years on actions on contracts not otherwise expressly provided for.

The single question presented on this appeal is whether the one-year statute of limitations relating to actions sounding in tort is controlling, as held by the District Judge, or whether the six-year statute relating to actions based upon contracts is applicable, as contended by the insurance company.

The appellee parents assumed liability for the torts of their son at the time he applied for his State driver's license, as required by T.C.A. § 59–704(c) and (d).[3]

* Honorable Henry L. Brooks, Chief Judge, United States District Court for the Western District of Kentucky, sitting by designation.

** Honorable Thaddeus M. Machrowicz, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. T.C.A. § 28–304:

28–304. *Personal tort actions—Malpractice of attorneys—Statutory penalties.*—Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, criminal conversation, seduction, breach of marriage promise, actions and suits against attorneys for malpractice whether said actions are grounded or based in contract or tort, and statutory penalties shall be commenced within one (1) year after cause of action accrued. [Code 1858, § 2772 (deriv. Acts 1715, ch. 27, § 5); Shan., § 4469; mod. Code 1932, § 8595; Acts 1967, ch. 283, § 1.]

2. 28–309. *Rent—Misconduct of public officers—Contracts not otherwise covered.* —Actions for the use and occupation of land and for rent; actions against the sureties of guardians, executors and administrators, sheriffs, clerks, and other public officers, for nonfeasance, misfeasance, and malfeasance in office; and actions on contracts not otherwise expressly provided for, shall be commenced within six (6) years after the cause of action accrued. Provided, that the cause of action on title insurance policies, guaranteeing title to real estate, shall accrue on the date the loss or damage insured or guaranteed against is sustained. [Code 1858, § 2775 (deriv. Acts 1715, ch. 27, § 5); Shan., § 4472; Code 1932, § 8600; Acts 1947, ch. 126, § 1; C.Supp. 1950, § 8600.]

3. 59–704. *Operator's or chauffeur's license required—Exceptions—licensing minors.*—

* * * * *

(c) The application of any person under the age of eighteen (18) years for an instruction permit or operator's license shall be signed and verified before a person authorized to administer oaths by the father, mother or guardian, or, in the event there is no parent or guardian, then by another responsible adult who is willing to assume the obligation imposed under this chapter upon a person signing the application of a minor. If, in the

Under the provisions of this statute the negligence of a minor child in operating a motor vehicle is imputed to the parents or the other person or persons who signed the application for the driver's license.

Based upon the reasoning set forth in the opinion of the District Judge, we hold that this action is barred by the one-year statute of limitations (n. 1).

Affirmed.

event the applicant for a driver's license is a female and married, her husband may sign and verify the application provided such husband is a person capable of legally entering into contractual relationships.

(d) Any negligence or willful misconduct or violation of any motor vehicle law of this state or any municipality thereof by a minor under the age of eighteen (18) years when driving a motor vehicle upon a highway or street shall be imputed to the person who has signed the application of such minor for a permit or license, which person shall be jointly and severally liable with such minor for any damages or fines occasioned by such negligence, willful misconduct, or violation, except as otherwise provided in the next succeeding paragraph.