**Louis George HOGAN, Plaintiff,**

v.

**Gary NICHOLAS, Defendant.**

**No. CIV-2-74-71.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

July 29, 1974.

Max E. Wilson, Mountain City, Tenn., for plaintiff.

J. Paul Coleman, Johnson City, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a removed civil action pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(a), for money damages arising out of a motor vehicle accident. The defendant moved to dismiss the action for lack of jurisdiction over the person, Rule 12(b)(2), Federal Rules of Civil Procedure, and to quash the attempted service of process. There is merit to such motion.

The plaintiff alleged that on June 1, 1973, the defendant Mr. Nicholas, a citizen of Hickory, North Carolina, left his automobile, bearing a North Carolina license, on a street therein unlocked, unattended and with the keys in the ignition, and that the aforementioned vehicle was stolen by one Junior Robinson, who drove the same to Johnson City, Tennessee and negligently injured the plaintiff Mr. Hogan.

Service of process was attempted, under T.C.A. § 20–224, which provides in pertinent part: " * * * Any owner, chauffeur or operator of any motor vehicle that is not licensed under the laws of this state, or any nonresident who, acting in behalf of the owner of any such vehicle, *uses or causes to be used* any such motor vehicle in this state, *or any* nonresident of the state of Tennessee who shall hire or procure the use of a motor vehicle *licensed under the laws of this state,* for temporary use herein, and who shall make use of the privilege, hereby extended to nonresidents of the state to operate such vehicle on highway or highways within the state, shall be deemed thereby to constitute the secretary of state of this state his agent for acceptance of service of process in any civil action brought by any person against him, arising out of any accident or injury occurring in this state, in which such vehicle is involved. * * * " [Emphasis supplied]. The plaintiff does not contend that the alleged thief was the agent of the defendant but makes two contentions: (1) The defendant negligently "procured" the use of his automobile to the thief, and (2) the defendant is owner of the vehicle *licensed in North Carolina.*

With regard to the first contention, that portion of the foregoing statute dealing with procuring the use of a motor vehicle applies by its terms only to those motor vehicles which are licensed under the laws of this state. It is undisputed herein that the motor vehicle in question was not " * * * licensed under the laws of this state * * * ", but was licensed under the laws of North Carolina. Therefore that portion of the statute is unavailing to the plaintiff, and the plaintiff's reliance on *Leggett v. Crossnoe* (1960), 206 Tenn. 700, 336 S.W.2d 1, is misplaced.

With regard to the second contention, the terms of the statute again, to bring such owner within its purview, contemplate more than mere ownership of a motor vehicle. The statutory language requires that such owner use or cause to be used his motor vehicle in this state. The plaintiff relies upon *Raven* [sic: Ravn] *v. McCalley* (1950), 216 Ark. 921, 228 S.W.2d 61, in support of this latter contention. However, " * * * [s]ince the merits of this case must turn upon the construction of our statutes, little assistance is to be had from decisions of other States as to the construction of their statutes. * * * " *Leggett v. Crossnoe, supra,* 336 S.W.2d at 3 [1]. *Ravn, supra,* is inapposite to the factual allegations herein. *Ravn* merely determined that, under California law, the defendant therein was still the owner of the subject motor vehicle, and that he was still subject to California's substituted service of process because the motor vehicle had been lawfully entrusted to another who was involved in an accident. All the authorities cited by counsel and discovered by the Court require that there be

some affirmative act by the one to be served under T.C.A. § 20–224, *i. e.* that he *caused* his motor vehicle to be used within this State. "* * * While the Act is in derogation of the common law and is to be strictly construed, it must nevertheless be given a reasonable construction, and one which is in accord with its purpose. Bertrand v. Wilds, 198 Tenn. 543, 281 S.W.2d 390. The general purpose of the Act is to subject nonresident *users* of the state's highways to the state's judicial process in actions arising out of accidents occurring on such highways. [Emphasis supplied]. * * *" Williams v. Kitchin, C.A.6th (1963), 316 F.2d 310, 311–312 [3–5].

It appearing that there is an insufficiency of service of process upon the defendant herein under the law of Tennessee, Rule 4(e), Federal Rules of Civil Procedure, to confer *in personam* jurisdiction over him in this Court such process of May 2, 1974 hereby is

Quashed.